6
Edmund Gee – 178627
Antonia Darling – 76190
UNITED STATES DEPARTMENT OF JUSTICE
501 "I" Street, Suite 7-500
Sacramento, California 95814
(916) 930-2100/ Fax (916) 930-2099
edmund.gee@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee, Region 17

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.: 15-29890-D-11 |
| GRAIL SEMICONDUCTOR, a California corporation, | D.C. No.:  FWP-1 |
| Debtor-in-possession. | Date:  January 27, 2016<br>Time: 10:00 a.m.<br>Place: 501 I Street, 6th Floor,<br>       Courtroom 34 (Bardwil, J.)<br>       Sacramento, California |

UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE CONTINUED EMPLOYMENT AND RETENTION OF MICHAEL F. BURKART AS THE DEBTOR'S CHIEF RESOLUTION OFFICER EFFECTIVE AS OF THE PETITION DATE

TO THE HONORABLE ROBERT S. BARDWIL, U.S. BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for the Eastern and Northern Districts of California and the District of Nevada ("the United States Trustee"), respectfully files this objection to the "Debtor's Motion For Order Authorizing The Continued Employment And Retention Of Michael F. Burkart As The Debtor's Chief Resolution Officer Effective As Of The Petition Date," Docket No. 4, ("Motion"), and in support of this objection and relief herein represents the following:

\\

\\

1

I. INTRODUCTION

The debtor is a corporation previously engaged in marketing and producing memory chip technology. The debtor currently has no operating business. Approximately two weeks before this case was filed, the corporation's board of directors retained Michael F. Burkart as its "chief resolution officer," to assist the corporation with its restructuring efforts. As a current officer of the debtor-corporation, Burkart is not a "disinterested person."  The United States Trustee would not oppose the debtor's motion to continue the retention of Burkart as the debtor's "chief resolution officer," if certain conditions are included in any order granting the motion, including the preservation of the Court's oversight of Burkart's compensation and expenses.

II. BACKGROUND

1. On December 30, 2015, Grail Semiconductor ("Grail" or "Debtor") filed a voluntary petition for relief under Chapter 11, in United States Bankruptcy Court for the Eastern District of California, Case No. 15-29890 ("this case"). Docket No. 1.

2. The Debtor is a corporation. *Id.* The Debtor has no operating business. Motion at 1:22.

3. Before this case was filed, Grail's board of directors revoked the corporate authority of its only two officers, due to alleged "actions adverse to Grail's interests…" Motion at 3:13-16.

4. On the same date that the bankruptcy petition for this case was filed, the Debtor filed the Motion seeking the continued retention of Michael F. Burkart ("Burkart") as its "chief resolution officer" ("CRO"). Docket No. 4, Motion at 3:27-28[1], 4:1-4.

5. On December 15, 2015, before this case was filed, Grail had retained Burkart as its CRO.  Motion at 3:23.  Exhibit A to the Motion purports to be the engagement contract between Burkart and Grail ("Engagement Contract").  Motion at 4:3-4. Docket No. 8.

6. Burkart as the Debtor's CRO will "lead Grail's restructuring efforts…" Motion at 6:2. The stated purpose of Burkart's retention as the Debtor's CRO is "to pursue claims held by

---

[1] The reference to "3:27-28" and similar subsequent references are to the subject document's page number and page line(s), respectively, *i.e.*, page 3, lines 27-28.

Grail as well as resolve all claims against the company." Motion at 3:20-22. Such claims include possible avoidance actions. Motion at 3:24-26.

7. Though not specifically stated in the Engagement Contract's "Scope of Services," the Motion indicates that Burkart's retention as the Debtor's CRO also includes "the role of a financial advisor." Motion at 6:23-24.

8. The United States Trustee requests the Court to take judicial notice of documents filed in this case, pursuant to FED.R.EVID. 201.

## III. OBJECTION

9. The Motion seeks the continued retention of Burkart as the Debtor's CRO. Motion at 2:11-12. The Motion is based on 11 U.S.C. §§ 105(a) and 363(b). *Id*. The Motion states that, because Burkart is "not being employed as a professional under section 327 of the Bankruptcy Code, [Burkart] will not be submitting fee application pursuant to sections 330 and 331 of the Bankrutpcy Code." Motion at 7:9-11.

10. Section 327(a) of the Bankruptcy Code controls and prohibits the employment of a non "disinterested person" from representing the Debtor. *See* 11 U.S.C. § 327. The use of section 363(b) as authority for allowing employment of chief restructuring officers who are not "disinterested persons" has been met with criticism and rejected by some bankruptcy courts. *See, e.g., In re Copenhaver, Inc.*, 506 B.R. 757, 762 (Bankr. C.D. Ill. 2014) (internal citations omitted). *See also In re Tamarack Resort, LLC*, 2010 WL 4117459 at *14 (Bankr. D. Idaho, Oct. 19, 2010) (denying motion to appoint a "responsible officer," and noting that "Chapter 11 is a flexible process", but it does not tolerate a non-statutory fiduciary like a chief restructuring officer) (citing *In re Kobra Properties*, 406 B.R. 396, 400-01 (Bankr. E.D. Cal. 2009) (Klein, J.) (noting that debtor-in-possession's proposal to hire a chief restructuring officer "elicited skepticism" and was withdrawn, "because of the vagueness of the CRO concept in the context of chapter 11 … and the inability to articulate whether and to whom a CRO would owe fiduciary and loyalty duties and how those duties would contrast with the duties of a chapter 11 trustee…").

11. Here, Burkart is not a "disinterested person," because as the Debtor's CRO he is an "insider" of the Debtor, and because Burkart was retained as Grail's CRO within 2 years before the commencement of this case. *See* 11 U.S.C. §§ 101(14)(A), -(14)(B) (defining "disinterested person"); § 101(31)(B)(ii) (defining "insider" as an officer of a debtor-corporation).

12. Furthermore, the Motion indicates that Burkart will wear at least "two hats," *i.e.*, serving as the Debtor's CRO and also acting as the Debtor's financial advisor. Motion at 6:23-24. "Generally, financial advisors, workout specialists and consultants are, for the purpose of Section 327 of the Bankruptcy Code, 'professionals.'" … When employment is proposed for one of these positions, the procedures required by § 327 should be followed in order to further the policies of ensuring that employed persons are impartial and that the costs and administrative expenses of a case remain subject to judicial oversight." *See In re Copenhaver, Inc.*, 506 B.R. at 762 (internal citations omitted) (denying motion to employ debtor's former president as chief restructuring officer).

13. In light of her foregoing concerns, the United States Trustee would not oppose the retention of Burkart as the Debtor's CRO, in this case, under the following conditions:

- Burkart will not be retained to act in more than one of the following capacities in any single case: (i) CRO retained under 11 U.S.C. § 363, (ii) financial advisor retained under 11 U.S.C. § 327, (iii) claims agent/claims administrator appointed pursuant to 28 U.S.C. § 156(c) and any applicable local rules or (iv) investor/acquirer; and upon confirmation of a Plan may only continue to serve in a similar capacity.
- Once Burkart is retained under one of the foregoing categories, Burkart may not switch to a different retention capacity in the same case.
- Burkart shall be retained as the Debtor's CRO upon the express approval thereof by an independent board of directors whose members are performing their duties and obligations as required under applicable law ("Board"), and will act under the direction,

4

- control and guidance of the Board and shall serve at the Board's pleasure (*i.e.* may be removed by majority vote of the Board).

- Burkart shall make and file with the bankruptcy court and serve on interested parties in this case and the United States Trustee all appropriate disclosures of any and all facts that may have a bearing on whether Burkart has any conflict of interest or material adverse interest within the meaning of 11 U.S.C. § 101(14). Disclosures shall be supplemented on a timely basis as needed throughout the engagement.

- Burkart and any employee or independent contractor of Burkart may not serve as a member of the board of directors of Grail or any affiliate of Grail, while Burkart is rendering services in this case; and Burkart shall not seek to be retained in any capacity in a bankruptcy proceeding for Grail or any affiliate of Grail, where Burkart or any employee or independent contractor of Burkart serves or has previously served as a member of the board of directors of Grail or any affiliate of Grail, within the two years prior to the petition date.

- Burkart shall file with the bankruptcy court, and provide notice to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on at least a quarterly basis. Such reports shall summarize the services provided, identify the compensation earned by Burkart and any staff employee provided, and itemize the expenses incurred. The notice shall provide a time period for objections to the reports of compensation and expenses. All compensation and expenses shall be subject to review by the Court in the event an objection is filed.

- Debtor is permitted to indemnify Burkart serving as its CRO, on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

- The rights of all parties, including the United States Trustee, to move for the appointment of a trustee or an examiner pursuant to 11 U.S.C. § 1104 shall be preserved. [2]

14. Otherwise, the Motion should be denied.

## IV. CONCLUSION

Based on the foregoing, the United States Trustee would not oppose the Debtor's continued retention of Burkart as its CRO, in this case, so long as Burkart's role is limited to wearing "one hat"; judicial oversight and approval of Burkart's compensation and expenses is preserved; and other aforementioned conditions suggested by the United States Trustee are included in any order granting the Motion.

Dated: January 13, 2016              Respectfully,

                                     TRACY HOPE DAVIS,
                                     UNITED STATES TRUSTEE


                                     By: /s/ Edmund Gee
                                         EDMUND GEE

                                     Office of the United States Trustee
                                     501 "I" Street, Suite 7-500
                                     Sacramento, California 95814
                                     Telephone, (916) 930-2100
                                     Fax, (916) 930-2099
                                     Email, edmund.gee@usdoj.gov

---

[2] If the Court later orders the appointment of a trustee or an examiner, the United States Trustee will comply with the requirements of 11 U.S.C. § 1104 and 11 U.SC. § 101(14). *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) ("If the court determines that a trustee should be appointed, 'then the United States trustee, after consultation with the parties in interest, shall appoint, subject to the court's approval, one disinterested person ... to serve as trustee ... in the case.'") (emphasis added); *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 388 (Bankr. C.D. Cal. 2015) (holding that, in granting the United States Trustee's motion to appoint a Chapter 11 trustee, the United States is authorized and directed to appoint a trustee pursuant to 11 U.S.C. § 1104(d)).