PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Grail Semiconductor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

GRAIL SEMICONDUCTOR, a
California corporation,

Debtor-in-Possession

CASE NO.: 15-29890-D-11

Chapter 11

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND
DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Grail Semiconductor (the "**Debtor**") files these *Global Notes and Statement of
Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and
Liabilities and Statement of Financial Affairs* (the "**Global Notes**") contemporaneously with
filing its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs
(the "**SOFA**). The Debtor prepared the Schedules and SOFA in accordance with section 521 of
title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule
1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes pertain to, are incorporated by reference in, and comprise an integral
part of, all of the Schedules and SOFA. These Global Notes should be referred to, and reviewed
in connection with, any review of the Schedules and SOFA.

The Schedules and SOFA do not purport to represent financial statements prepared in
accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to

fully reconcile to any financial statements prepared by the Debtor. The Schedules and SOFA reflect the Debtor's best effort to compile information regarding the assets and liabilities of the Debtor. Additionally, the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment. The Debtor reserves all rights to amend or supplement its Schedules and SOFA.

Nothing contained in the Schedules and SOFA or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 11 case, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, and other items reported in the Schedules and SOFA, the Debtor may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and SOFA, and the Debtor and its estate reserve all rights in this regard.

## NOTES FOR SCHEDULES

**Schedule A/B: Assets – Real and Personal Property**. Despite its commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in its Schedules and SOFA, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. The Debtor and its estate reserve all of its rights with respect to any claims and causes of action that it may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair or otherwise affect the assertion of such claims and causes of action. Patents, trademarks, and other intellectual property are listed as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the

net book value.

**Schedule D: Creditors Who Have Claims Secured by Property**. The Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. The Debtor and its estate reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary. By listing a party on Schedule D based on a UCC-1 filing, the Debtor and its estate are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

**Schedule E/F: Creditors Who Have Unsecured Claims**. The Debtor and its estate reserve all rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims. Certain creditors listed on Schedule E/F may owe amounts to the Debtor; as such, the Debtor and its estate may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule E/F. Also, the amounts listed on Schedule E/F reflect known prepetition claims as of the filing of this bankruptcy case. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule E/F, and the Debtor and its estate reserve all rights to challenge any setoff and recoupment rights that may be asserted against it. The Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

## NOTES FOR STATEMENT OF FINANCIAL AFFAIRS

**SOFA 7**. The Debtor and its estate reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such suits and proceedings shall not constitute an admission by the Debtor and its estate of any liabilities or that the actions or proceedings were correctly filed against the Debtor.

**Fill in this information to identify the case:**

Debtor name    Grail Semiconductor

United States Bankruptcy Court for the: Eastern _____    District of CA
(State)

Case number (If known): 15-29890-D-11

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**
   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

**Current value of debtor's interest**

2. **Cash on hand**    $ _____ 0

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | See Attached | | | $ 87,063.84 |
| 3.2. | | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | See Attached | $ 3,565,814.83 |
| 4.2. | | $ |

5. **Total of Part 1**    $ 3,652,878.67
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**
   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | | $ |
| 7.2. | | $ |

Debtor    Grail Semiconductor    Case number *(if known)*  15-29890-D-11
          Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____    $_____

   8.2._____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    $_____

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    Current value of debtor's interest

11. **Accounts receivable**

    11a. 90 days old or less:    _____  –  _____  = ........➜    $_____
                                 face amount            doubtful or uncollectible accounts

    11b. Over 90 days old:       _____  –  _____  = ........➜    $_____
                                 face amount            doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.

    ☒ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1.  1,247,500 shares of Nemaska Lithium, Inc. common stock and 1,000,000 warrants    FMV as of 12/30/15    $ 377,453.58

    14.2.  _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:    % of ownership:

    15.1.  Grail Semiconductor Limited, registered in Hong Kong    100 %    Residual cash balance in bank    $ de minimis

    15.2.  _____    ____ %    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1.  _____    _____    $_____

    16.2.  _____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    $377,453.58

Debtor    Grail Semiconductor
          Name

Case number (if known) 15-29890-D-11

## Part 5:    Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    ☒ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | ___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | ___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | ___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | ___ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.                                    $_____

24. **Is any of the property listed in Part 5 perishable?**
    ☐ No
    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    ☐ No
    ☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    ☒ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $_____ | _____ | $_____ |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

Official Form 206A/B                Schedule A/B: Assets — Real and Personal Property                page 3

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 2 - 2014 Computers; 1 - 2015 computer; 1 - 2015 printer | $ 10,392.00 | Cost | $ 10,392.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ 10,392.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☒ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☒ No

☐ Yes

Debtor    Grail Semiconductor
         Name

Case number *(if known)*___15-29890-D-11___

---

## Part 8:    Machinery, equipment, and vehicles

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

    $_____

52. Is a depreciation schedule available for any of the property listed in Part 8?

☐ No

☐ Yes

53. Has any of the property listed in Part 8 been appraised by a professional within the last year?

☐ No

☐ Yes

---

Debtor    Grail Semiconductor
         Name

Case number *(if known)*

## Part 9:    Real property

**54. Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☒ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property**<br>See Attached | $ | | $ Unknown |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ Unknown

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☒ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☒ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒ No

☐ Yes

### Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

|  |  |  | Current value of debtor's interest |
|---|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

Ronald W. Hofer

| 188,833.00 | − | 0 | = → | $ 188,833.00 |
|---|---|---|---|---|
| Total face amount | | doubtful or uncollectible amount | | |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

Aggregate unused NOLs through tax year 2014

| Tax year _____ | $ 7,367,255.00 |
|---|---|
| Tax year _____ | $ |
| Tax year _____ | $ |

73. **Interests in insurance policies or annuities**

$ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

See Attached

$ Undetermined

Nature of claim _____

Amount requested   $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

See Attached

$ Undetermined

Nature of claim _____

Amount requested   $_____

76. **Trusts, equitable or future interests in property**

$ _____

77. **Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

$ _____

$ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ 7,556,088.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1.* | $ 3,652,878.67 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $ _____ | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $ _____ | |
| 83. Investments. *Copy line 17, Part 4.* | $ 377,453.58 | |
| 84. Inventory. *Copy line 23, Part 5.* | $ _____ | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $ _____ | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $ 10,392.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $ _____ | |
| 88. Real property. *Copy line 56, Part 9.* ......................➔ | | $ _____ |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $ Unknown | |
| 90. All other assets. *Copy line 78, Part 11.* | + $ 7,556,088.00 | |
| 91. Total. Add lines 80 through 90 for each column..........91a. | $ 11,596,812.25 | + 91b. $ _____ |

92. Total of all property on Schedule A/B. Lines 91a + 91b = 92. ..................................... $ 11,596,812.25

Schedule A/B

Part 1:

3. Checking, savings, money market, or financial brokerage accounts (identify all)

|  | Name of Institution | Type of account | Last 4 digits of account number | Current value of debtor's interests |
|---|---|---|---|---|
| 3.1 | Wells Fargo Bank | Checking | 5922 | $12,322.13 |
| 3.2 | Wells Fargo Bank | Checking | 6623 | $ -0- |
| 3.3 | Wells Fargo Bank | Savings | 4837 | $2,419.97 |
| 3.4 | Wells Fargo Bank | Securities | 5392 | $68,944.27 |
| 3.5 | Bank of the West (account in the name of 1st Class Legal NA LLC) | Checking | 5430 | $1,377.40 |
| 3.6 | Morgan Stanley (account in the name of 1st Class Legal NA LLC) | Investment | 0407 | $2,000.07 |
|  |  |  | Total | $87,063.84 |

4. Other cash equivalents (identify all)

|  | Where Funds Held | Current Value |
|---|---|---|
| 4.1 | Funds in Niro, Haller & Niro Trust Account FBO Grail Semiconductor, Inc. | $50,000.00 |
| 4.2 | Funds in Law Office of Timothy A. Charshaf Trust Account FBO Grail Semiconductor, Inc. [$3,084,446.22 turned over to DIP post-petition] | $3,089,895.01 |
| 4.3 | Funds in Boutin Jones Inc. Trust Account | $4,433.00 |
| 4.4 | Funds on retainer with Felderstein Fitzgerald Willoughby & Pascuzzi LLP | $113,528.82 |
| 4.5 | Funds on retainer with Michael F. Burkart | $163,190.00 |
| 4.6 | Funds on retainer with Aronowitz Skidmore & Lyon | $94,768.00 |
| 4.7 | Funds on retainer with Law Office of Timothy A. Charshaf | $50,000.00 |
|  | Total | $3,565,814.83 |

Attachment to Schedule A/B

Part 10: Intangibles and intellectual property

64. Other intangibles, or intellectual property

| General Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Non-patented technology comprised of inductive capacitor circuits, nonvolatile memory cell circuits, all logic circuits associated therewith, peripheral circuits operating on the same chip with such semiconductor circuits, semiconductor nonvolatile storage capacitors, nonvolatile memory storage cells, semiconductor nonvolatile memory storage cells, and nonvolatile memory cell address buffers. The non-patented technology also includes all methods of manufacture suitable for use in manufacturing all or any portion of such semiconductor inductive capacitor circuit or cells, including, but not limited to, semiconductor nonvolatile storage capacitors, nonvolatile memory storage cells, semiconductor nonvolatile memory storage cells, and nonvolatile memory cell address buffers. | N/A | | Undetermined |

Schedules A/B

Part 11:  All other assets

74. Causes of action against third parties (whether or not a lawsuit has been filed)

| Third Party | Nature of Claim | Amount |
|---|---|---|
| Schwartcz, Rimberg, Boyd & Radar, LLP and David R. Schwarcz, Esq. 6310 San Vicente Blvd., Suite 360 Los Angeles, CA  90048 | Malpractice claims | Undetermined |
| Mishcon de Reya of New York LLP 750 7th Avenue, 26th Floor New York, NY  10019 | Waste claims | Undetermined |
| Ronald Hofer c/o Jamie P. Dreher, Esq. Downey Brand LLP 621 Capitol Mall, 18th Floor Sacramento, CA 95814 | Potential cross-claims | Undetermined |

75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

| Other Party | Nature of Claim | Amount |
|---|---|---|
| 1st Class Legal (IS) Limited Bob Gordon, Managing Director Oak House, Sitka Drive Shrewsbury Business Park Shrewsbury, Shropshire SY2 6LG UNITED KINGDOM | Potential claims regarding amount paid prior to petition date | Undetermined |
| Alain Champagne 1305-4950 Boulevard de l'Assomption Montreal, QC, H1T 0A3 CANADA | Setoff rights | Undetermined |
| Brad Woods 9000 Divide-1127 North Summit Blvd Mountain Meadows #105 Frisco, CO 80443 | Setoff rights | Undetermined |
| Dr. Frank B. Holze c/o Allan D. NewDelman, Esq. Allan D. NewDelman, P.C. 80 East Columbus Avenue Phoenix, AZ 85012 | Setoff rights | Undetermined |
| Edward J. Nixon 615 Denmark Drive, Apt. 204 Memphis, TN 38103 | Setoff rights | Undetermined |
| Frank P. Bauder 8320 Summerset Drive Anchorage, AK 99518 | Setoff rights | Undetermined |

| Other Party | Nature of Claim | Amount |
|---|---|---|
| Gerchen Keller Capital, LLC<br>Attn: Douglas G. Gruener<br>353 North Clark Street, Suite 2700<br>Chicago, IL 60654 | Setoff rights; potential claims regarding amount paid prior to petition date | Undetermined |
| Mitchell J. NewDelman<br>c/o Allan D. NewDelman, Esq.<br>Allan D. NewDelman, P.C.<br>80 East Columbus Avenue<br>Phoenix, AZ 85012 | Setoff rights | Undetermined |
| Niro, Haller & Niro, Ltd.<br>Attn: Raymond P. Niro<br>181 W. Madison Street, Suite 4600<br>Chicago, IL 60602-4515 | Potential claims regarding amount of attorneys' fees already paid | Undetermined |
| The Pearl Law Firm, P.A.<br>Attn: Robert J. Pearl, Esq.<br>7400 Tamiami Trail North, Suite 101<br>Naples, Florida 34108 | Setoff rights | Undetermined |
| Willis E. Higgins, Esq.<br>P.O. Box 720<br>55 High Street<br>Brownville, ME 04414 | Setoff rights | Undetermined |
| Estate of Jeffrey Benjamin Harrison<br>(deceased March 2008)<br>ADDRESS UNKNOWN | Setoff rights | Undetermined |

**Fill in this information to identify the case:**

Debtor name ___Grail Semiconductor___

United States Bankruptcy Court for the: ___Eastern___ District of ___CA___
(State)

Case number (If known): ___15-29890-D-11___

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property       12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**2.1** Creditor's name
___See Attached___

Describe debtor's property that is subject to a lien
$ _____     $ _____

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Date debt was incurred

Last 4 digits of account number  ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2** Creditor's name

Describe debtor's property that is subject to a lien
$ _____     $ _____

Creditor's mailing address

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Date debt was incurred

Last 4 digits of account number  ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

   ☐ Yes. The relative priority of creditors is specified on lines _____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $ ___5,911,029.90___

Debtor     Grail Semiconductor
           _____
           Name

Case number (*if known*) _15-29890-D-11_____

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Adam L. Streltzer, Attorney at Law<br>1875 Century Park East, Suite 700<br>Los Angeles, CA 90067 | Line 2._4_ | ___ ___ ___ ___ |
| Richard S. Lauter<br>Freeborn & Peters LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606 | Line 2._5_ | ___ ___ ___ ___ |
| Jill A. Coleman<br>Fox, Swibel, Levin & Carroll, LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606 | Line 2._2_ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |
| | Line 2.___ | ___ ___ ___ ___ |

In re: Grail Semiconductor

Debtor.

Case No.: 15-29890-D-11

## Schedule D: Creditors Who Have Claims Secured by Property

| Line | Creditors Name, Mailing Address, email address, if known | CONTINGENT | UNLIQUIDATED | DISPUTED | Date Debt Incurred | Describe Debtor's Property Subject to Lien/Describe Lien | Is Anyone Else Liable on this Claim? | Is the creditor an insider or related party? | Do Multiple Creditors have an interest in the same property? If yes specify creditor and its relative priority | Amount of Claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | 1st Class Legal (IS) Limited Bob Gordon, Managing Director Oak House, Sitka Drive Shrewsbury Business Park Shrewsbury, Shropshire SY2 6LG UNITED KINGDOM | | | x | Oct 2011-Dec 2014 | Lien on settlement payment from *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, Case No. 1-07-CV-098590 (Sup. Ct. Cal, Santa Clara Cty.) based on UCC-1 filed 5/13/15 | No | No | Yes Fifth priority based on UCC-1 filing | -0- | $3,084,446.22 |
| 2.2 | Gerchen Keller Capital, LLC Attn: Douglas G. Gruener 353 North Clark Street, Suite 2700 Chicago, IL 60654 | | | x | 10/27/15 | Lien on settlement payment from *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, Case No. 1-07-CV-098590 (Sup. Ct. Cal, Santa Clara Cty.) based on UCC-1 filed 11/4/14 | No | No | Yes Fourth priority based on UCC-1 filing | $1,496,795.40 | $3,084,446.22 |
| 2.3 | Khosrow Benyamin 422 S. Bedford Drive Beverly Hills, CA 90212 -and- Frank A. Saez 6310 San Vicente Blvd., Suite 360 Los Angeles, CA 90048 | | | x | 11/17/09 | UCC-1 filed 1/23/13 on patent no. 6642552 and application nos. 10413792, 10694661 and 09776003 | No | No | No | $328,000.00 | $-0-; Debtor no longer has patent |

1

In re: Grail Semiconductor    Debtor.    Case No.:    15-29890-D-11

| Line | Creditors Name, Mailing Address, email address, if known | Date Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Describe Debtor's Property Subject to Lien/Describe Lien | Is Anyone Else Liable on this Claim? | Is the creditor an insider or related party? | Do Multiple Creditors have an interest in the same property? If yes specify creditor and its relative priority | Amount of Claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.4 | Mishcon de Reyna New York LLP 750 7th Avenue, 26th Floor New York, NY 10019 | | | | x | Notice of Lien on settlement payment from *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, Case No. 1-07-CV-098590 (Sup. Ct. Cal., Santa Clara Cty.) filed in lawsuit on May 28, 2013 | No | No | Yes Third priority based on notice of lien filed in May 2013 | $1,943,734.16 | $3,084,446.22 |
| 2.5 | Niro, Haller & Niro, Ltd. Attn: Raymond P. Niro 181 W. Madison Street, Suite 4600 Chicago, IL 60602-4515 | Nov-Dec 2015 | | | x | Attorneys' lien on settlement payment from *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, Case No. 1-07-CV-098590 (Sup. Ct. Cal., Santa Clara Cty.) and UCCs filed in California on 7/10/12, 7/11/12 and 7/16/12 | No | No | Yes First priority based on notice of attorneys' lien served on 7/6/2012 | $45,390.87 | $3,084,446.22 |
| 2. | Schwartz Rimberg & Morris, LLP Attn: David Schwartz 6310 San Vicente Blvd, Suite 360 Los Angeles, CA 90048 dschwartz@srmllp.com | Dec 2012 | | | x | Notice of Lien on settlement payment from *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, Case No. 1-07-CV-098590 (Sup. Ct. Cal., Santa Clara Cty.) filed in lawsuit in December 2012 | No | No | Yes Second priority based on notice of lien filed in December 2012 | $2,097,109.47 | $3,084,446.22 |
| | Total Schedule D | | | | | | | | | $5,911,029.90 | |

2

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Grail Semiconductor |
| United States Bankruptcy Court for the: | Eastern District of CA |
| | (State) |
| Case number (if known) | 15-29890-D-11 |

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☒ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address
_See Attached_
_____
_____
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is: $_____    $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** Priority creditor's name and mailing address
_____
_____
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is: $_____    $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** Priority creditor's name and mailing address
_____
_____
_____

**Date or dates debt was incurred**
_____

**Last 4 digits of account number** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is: $_____    $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☐ No
☐ Yes

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**
    See Attached

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

**3.2** **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

**3.3** **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

**3.4** **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

**3.5** **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

**3.6** **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | See Attached | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.2. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.3. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.4. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 41. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | | Line _____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|----------------------------------------------------------------|

5. Add the amounts of priority and nonpriority unsecured claims.

**Total of claim amounts**

| | | | |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | Unknown |
| 5b. Total claims from Part 2 | 5b. + | $ | 12,833,813.16 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 12,833,813.16 |

| In re:  Grail Semiconductor | Case No.: |
|---|---|
| Debtor. | 15-29890 |

## Schedule E/F:  Creditors Who Have Unsecured Claims

## Part 1: List All Creditors with PRIORITY Unsecured Claims

| | Priority Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Internal Revenue Service P.O. Box 7346 Philadelphia, PA 19101-7346  Last 4 digits of Account No. 2007  Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Income and payroll taxes | No | Unknown | Unknown |
| 2.2 | Franchise Tax Board Bankruptcy Section MS A-340 P.O. Box 2952 Sacramento, CA 95812-2592  Last 4 digits of Account No. 2007  Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Income taxes | No | Unknown | Unknown |
| 2.3 | Employment Development Dept. P.O. Box 826880 MIC 92E Sacramento, CA 94280-0001 | | | | | Notice only | | | |
| 2.4 | Florida Dept. of Revenue Bankruptcy Unit P.O. Box 6668 Tallahassee, FL 32314  Last 4 digits of Account No. 2007  Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Income taxes | No | Unknown | Unknown |

1

| | Priority Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|
| 2.5 | Reemployment Tax<br>Florida Dept. of Revenue<br>5050 W. Tennessee Street, Bldg. L<br>Tallahassee, FL 32399-0180<br><br>Last 4 digits of Account No. 2024<br><br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Payroll unemployment taxes | No | Unknown | Unknown |
| 2.6 | Colorado Dept. of Revenue<br>Denver, CO 80261-0009<br><br>Last 4 digits of Account No. 1466<br><br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Payroll withholding taxes | No | Unknown | Unknown |
| 2.7 | Colorado Dept. of Labor & Employment<br>Unemployment Insurance Employer Services<br>P.O. Box 8789<br>Denver, CO 80201-8789<br><br>Last 4 digits of Account No. 1466<br><br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a)(8) | Unknown | X | | | Payroll unemployment insurance | No | Unknown | Unknown |
| | **Total Priority Claims** | | | | | | | **Unknown** | **Unknown** |

| In re:  Grail Semiconductor | | Case No.: | |
|---|---|---|---|
| | Debtor. | | 15-29890 |

**Schedule E/F:  Creditors Who Have Unsecured Claims**

**Part 2: List All Creditors with NONPRIORITY Unsecured Claims**

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 3.1 | A. Terry Speizer<br>c/o Speizer Family Farms<br>1141 Longview Avenue<br>Pismo Beach, CA 93449 | 6/23/2002 | | | x | Settlement agreement | | $150,000 |
| 3.2 | Aaron Wenger<br>333 W 86th St. #1003<br>New York City, NY 10024 | 11/9/2006;<br>2/27/2008;<br>5/23/2008;<br>10/10/2011;<br>10/12/2011<br>and<br>11/18/2011 | x | x | x | Convertible promissory note and possible claim for Grail Semiconductor stock | | At least $21,638.32 |
| 3.3 | Alain Champagne<br>1305-4950 Boulevard de l'Assomption<br>Montreal, QC, H1T 0A3<br>CANADA | 1/17/2011-<br>7/20/2011<br>and<br>4/28/2015 | | | x | Loan and director fee | Yes | $1,409,500 |
| 3.4 | Alan Boxenbaum & Devora Weiss<br>110 Green Bay Road, Apt. 302<br>Glencoe, IL 60022 | 7/31/2008 | x | | x | Convertible promissory note | | $9,922.19 |
| 3.5 | Aronowitz Skidmore Lyon<br>Attn: Paul S. Aronowitz, Esq.<br>200 Auburn Folsom Road, Suite 305<br>Auburn, CA 95603 | 2015 | | | | Professional services to Richard Gilbert as independent director | | -0- |
| 3.6 | Bergeson LLP<br>Attn: Daniel J. Bergson, Esq.<br>2033 Gateway Place, Suite 300<br>San Jose, CA 95110 | Oct-Nov 2010 | | | x | Professional services | | $83,303.13 |
| 3.7 | Boutin Jones Inc.<br>Attn: Robert D. Swanson, Esq.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Dec. 2015 | | | | Professional services | | -0- |
| 3.8 | Brad Woods<br>9000 Divide-1127 North Summit Blvd<br>Mountain Meadows #105<br>Frisco, CO 80443 | 2015 | x | x | x | Employment contract and bonus | | At least $137,500 |
| 3.9 | Brian Gibeson<br>39 Stanton Avenue<br>Orinda, CA 94563 | 6/23/2002 | | | x | Settlement agreement | | $100,000 |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----------------------------------|------------------------------|------------|--------------|----------|-----------------|--------------------|-----------------|
| 3.10 | Cable Gallagher<br>Attn: Mark T. Gallagher, Esq.<br>101 Parkshore Drive, Suite 100<br>Folsom, CA 95630 | 2012-2015 | | | | Professional services to Donald Stern in section 709 action | | -0- |
| 3.11 | Charles & Arlene H. Bauder<br>1241 Paseo De Golf<br>Green Valley, AZ 85614 | 2/20/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.12 | Charles Bernard Neiss<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210 | 11/27/2000;<br>11/9/2006<br>and<br>11/30/2011 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.13 | Charles Stern<br>704 Kirkland Dr<br>Lexington, KY 40502 | 9/25/2006 | | x | x | Purchase of Grail Semiconductor stock | | $5,000 |
| 3.14 | Claro Fernandez<br>28 Severino Street, Doña Carmen Subdivision<br>Commonwealth, Quezon City<br>PHILIPPINES 1118 | 4/5/2002 | x | x | x | Possible claim re Grail Technology stock | | unknown |
| 3.15 | Colderbank Law<br>Attn: Tania H. Colderbank, Esq.<br>112 "J" Street, Suite 301<br>Sacramento, California 95814 | 2012-2015 | | | | Professional services to Donald Stern in section 709 action | | -0- |
| 3.16 | Daniel Ruben<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210 | 12/8/2006 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.17 | Danielle Leibowitz<br>949 Willowbrook Road<br>Staten Island, NY 10314 | 8/15/2008<br>and<br>8/25/2008 | x | | x | Convertible promissory note | | $39,434.03 |
| 3.18 | David Haberbush<br>1438 E. Roosevelt Road<br>Long Beach, CA 90807 | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.19 | David R. Cidale<br>6 Marlin Dr.<br>Pawcatuck, CT 06379 | 4/23/2004 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.20 | David Rothschild<br>Kiriyat Chabad 220/84<br>Safet 13410<br>ISRAEL | 2/4/2008 | x | | x | Convertible promissory note | | $103,655.83 |
| 3.21 | Davis Wright Tremaine LLP<br>Attn: Martin Fineman, Esq.<br>505 Montgomery Street, Suite 800<br>San Francisco, CA 94111 | Aug-Oct 2015 | | | x | Professional services | | $127,914.68 |
| 3.22 | Donald Stern<br>c/o John C. Oehmke, Esq.<br>Diepenbrock Elkin LLP<br>500 Capitol Mall, Suite 2200<br>Sacramento, CA 95814 | 4/28/2015 | | x | x | Consulting agreement and board-approved expenses | | At least $280,000 |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----|-----|---|---|---|-----|-----|-----|
| 3.23 | Dr. Daniel F. Coughlin c/o Law Offices of Dr. Daniel F. Coughlin P.O. Box 267 Norwalk, CT 06853 | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.24 | Dr. Frank B. Holze c/o Allan D. NewDelman, Esq. Allan D. NewDelman, P.C. 80 East Columbus Avenue Phoenix, AZ 85012 | Oct 2011 | | | x | Finder fee | Yes | $550,000 |
| 3.25 | Edward Ferguson 1380 Carr Ave Memphis, TN 38104 | 1/15/2004 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.26 | Edward J. Nixon 615 Denmark Drive, Apt. 204 Memphis, TN 38103 | 2/6/2009 and 4/28/2015 | x | x | x | Convertible promissory note; director fee; and possible claim based on Grail Technology stock | Yes | At least $139,386.36 |
| 3.27 | Elizabeth Mize P.O. Box 2009 Silverthorne, CO 80498 | 4/28/2015 | | | x | Bonus | | $25,000 |
| 3.28 | Estate of Jeffrey Benjamin Harrison (deceased March 2008) ADDRESS UNKNOWN | Jan 2005 – Jan 2007 | x | x | x | Possible claim for Grail Semiconductor stock | Yes | unknown |
| 3.29 | Farmer & Associates c/o Aaron Farmer, Esq. 999 Vanderbilt Beach Road, Suite 503 Naples, FL 34108 | Oct-Nov 2015 | | | x | Professional services | | $1,519.01 |
| 3.30 | Fereidun and Mojgan Bral 24311 Hatteras Street Woodland Hill, CA 91367 | 7/23/2008 | x | | x | Convertible promissory note | | $9,922.19 |
| 3.31 | Frank P. Bauder 8320 Summerset Drive Anchorage, AK 99518 | 4/28/2015 | x | x | x | Director fee and possible claim based on Grail Technology stock | Yes | At least $137,500 |
| 3.32 | Garson Segal Steinmetz Fladgate LLP Attn: Robert Garson, Esq. 164 West 25th Street, Suite 11R New York, NY 10001 | 2011-2013 | | | | Professional services | | -0- |
| 3.33 | Gordon & Rees LLP Attn: Dion N. Cominos, Esq. 275 Battery Street, Suite 2000 San Francisco, CA 94111 | 2012-2013 | | | | Professional services | | -0- |
| 3.34 | Gwire Law Offices Attn: William Gwire, Esq. 1250 45th Street, Suite 310 Emeryville, CA 94608 | 2011-2015 | | | | Professional services | | -0- |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----------------------------------|------------------------------|------------|--------------|----------|-----------------|--------------------|-----------------|
| 3.35 | Harold Frechter<br>567 Cedarwood Drive<br>Bedarhurst, NY 11516 | 7/20/2007 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.36 | Howard Muehlgay<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210 | 11/9/2006 and 11/10/2006 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.37 | Ira Gutt, Esq.<br>c/o Behar, Gutt & Glazer, P.A.<br>2999 NE 191st Street, Suite 500<br>Aventura, FL 33180 | 6/27/2012; 8/31/2012 and 10/20/2012 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.38 | Irvin H. Stern, Jr. and Sybil B. Stern<br>c/o Mayfair Manor<br>3300 Tates Creek Road<br>Lexington, KY 40502 | 9/11/2006 | | | x | Purchase of Grail Semiconductor stock | | $26,000 |
| 3.39 | James D. McDowell, Sr.<br>217A Couch St.<br>Vallejo, CA 94590 | 3/11/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.40 | James Roberts<br>4110 Boulder Creek Court<br>Fairfield, CA 94533 | 9/18/2003 | x | x | x | Possible claim re Grail Technology stock | | unknown |
| 3.41 | Jay Frechter<br>3210 Avenue L<br>Brooklyn, NY 11210 | 11/9/2006; 2/27/2008; 5/23/2008; 10/10/2011 and 10/12/2011 | x | x | x | Convertible promissory note and possible claim for Grail Semiconductor stock | | At least $21,638.32 |
| 3.42 | Jeffrey K. Berlowitz<br>806/5 Kirjat Ungvar, Ramot<br>Jerusalem 91237<br>ISRAEL | 12/26/2006 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.43 | Johnie A. Hunter<br>1669 78th Ave.<br>Oakland, CA 94621 | 3/1/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.44 | Jordan Starkman<br>79 Westbury Court<br>Richmond Hill, Ontario<br>L4S 2L2<br>CANADA | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.45 | Joseph Kohler<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210 | 11/9/2006 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.46 | Joseph M. Visse, Esq.<br>Law Office of Joseph M. Visse<br>P.O. Box 787<br>Novato, CA 94948 | 2008-2009 | | x | x | Loan | | At least $13,500 |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----------------------------------|------------------------------|------------|--------------|----------|-----------------|--------------------|-----------------|
| 3.47 | Juan Craig<br>300 Broadway St.<br>Vallejo, CA 94590 | 8/6/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.48 | Judge Richard L. Gilbert (Ret.)<br>2630 "J" Street<br>Sacramento, California 95816 | 2015 | | | | Independent director appointed in section 709 action | | -0- |
| 3.49 | Kamal & Shirley Benyamin<br>Textile City<br>748 East 8th Street<br>Los Angeles, CA 90021 | 6/13/2008 | x | | x | Convertible promissory note | | $20,085.71 |
| 3.50 | Kevin & Collette Frazier<br>141 Mulberry Street<br>Vallejo, CA 94589 | 8/6/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.51 | Khosrow Benyamin<br>422 S. Bedford Drive<br>Beverly Hills, CA 90212 | 2/27/2008 | x | | x | Convertible promissory note | | $206,484.61 |
| 3.52 | Law Office of Timothy A. Charshaf<br>Attn: Timothy A. Charshaf, Esq.<br>5176 Hillsdale Circle, Suite 100<br>El Dorado Hills, California 95762 | 2014-2015 | | | | Professional services | | -0- |
| 3.53 | Law Offices of Russell J. Hanlon<br>Attn: Russell J. Hanlon, Esq.<br>95 S. Market Street, Suite 300<br>San Jose, CA 95113 | | | | | Professional services | | -0- |
| 3.54 | Liner LLP<br>Attn: Edward A. Klein, Esq.<br>1100 Glendon Avenue, Floor 14<br>Los Angeles, CA 90024 | 2012-2015 | | | | Professional services to Donald Stern in section 709 action | | -0- |
| 3.55 | Lyle Mink<br>1801 Century Park East, Suite 2600<br>Los Angeles, CA 90067 | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.56 | Mark A. Speizer<br>51 Roehampton Road<br>Hillsborough, CA 94010 | 6/23/2002 | | | x | Settlement agreement | | $150,000 |
| 3.57 | Mark Bauder<br>836 Sonoma Blvd.<br>Vallejo, CA 94590 | 4/13/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.58 | Mark Campbell<br>7931 Birchwood Circle<br>La Palma, CA 90623 | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.59 | Mark Rittenberg<br>2328 Ward Street<br>Berkeley, CA 94705 | | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----------------------------------|------------------------------|:---:|:---:|:---:|-----------------|--------------------|-----------------|
| 3.60 | Michael Dobbs-Higginson<br>10 Taman Serasi<br>#04-12 Botanic Garden Mansion<br>SINGAPORE 257721 | 6/12/2007 | x |  | x | Convertible promissory note |  | $35,073.70 |
| 3.61 | Michael Eluster Todd<br>8241 Longhorn St.<br>Anchorage, AK 99507 | 4/23/2004 | x | x | x | Possible claim re Grail Technology stock |  | unknown |
| 3.62 | Mitchell J. NewDelman<br>c/o Allan D. NewDelman, Esq.<br>Allan D. NewDelman, P.C.<br>80 East Columbus Avenue<br>Phoenix, AZ 85012 | Oct 2011 |  |  | x | Finder fee | Yes | $2,750,000 |
| 3.63 | Morris Getzels<br>6047 Tampa Avenue, #307<br>Tarzana, CA 91356 |  | x | x | x | Possible claim for Grail Semiconductor stock |  | unknown |
| 3.64 | Morris Zarbi<br>22275 Erwin Street<br>Woodland Hills, CA 91367 | 7/10/2008 | x |  | x | Convertible promissory note |  | $9,967.83 |
| 3.65 | Paul Hoffman<br>1491 S. Walnut Spring Place<br>Green Valley, AZ 85614 | 4/30/2003 | x | x | x | Possible claim based on Grail Technology stock |  | unknown |
| 3.66 | PCE Valuations, LLC<br>200 East New England Avenue, Suite 400<br>Winter Park, FL 32789 | May 2015 |  |  | x | Professional services |  | $4,837.50 |
| 3.67 | Rahmat and Lida Hanaei<br>Textile City<br>748 East 8th Street<br>Los Angeles, CA 90021 | 6/13/2008 | x |  | x | Convertible promissory note |  | $20,080.36 |
| 3.68 | Robert Hastie<br>18782 Dodge Avenue<br>Santa Ana, CA 92705 |  | x | x | x | Possible claim for Grail Semiconductor stock |  | unknown |
| 3.69 | Robert Stern<br>c/o Edward A. Klein, Esq.<br>Liner LLP<br>1100 Glendon Avenue, Floor 14<br>Los Angeles, CA 90024 | 2012-2015 | x |  | x | Reimbursement for attorneys' fees |  | $1,000,000 |
| 3.70 | Ronald W. Hofer<br>1428 Harvest Crossing Drive<br>McLean, VA 22101 | 2015 | x | x | x | Employment contract and claimed bonus | Yes | At least $2,750,000 |
| 3.71 | Scott & Salmanowitz LLP<br>Attn: John M. Salmanowitz, Esq.<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105 | Mar 2015 |  |  |  | Professional services |  | -0- |
| 3.72 | Shartsis Friese LLP<br>Attn: Lisa A. Jacobs, Esq.<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111 | 6/12/2012 |  |  | x | Settlement agreement |  | $264,238 |

| Line | Creditors Name and Mailing Address | Date or Dates Debt Incurred | CONTINGENT | UNLIQUIDATED | DISPUTED | Basis for Claim | Subject to Offset? | Amount of Claim |
|------|-----------------------------------|------------------------------|-----------|------------|---------|-----------------|--------------------|-----------------|
| 3.73 | The Pearl Law Firm, P.A.<br>Attn: Robert J. Pearl, Esq.<br>7400 Tamiami Trail North, Suite 101<br>Naples, Florida 34108 | Various | | | x | Professional services | Yes | $569,287.71 |
| 3.74 | Visse & Yanez L.L.P.<br>c/o Joseph M. Visse, Esq.<br>Law Office of Joseph M. Visse<br>P.O. Box 787<br>Novato, CA 94948<br>– and –<br>Visse & Yanez L.L.P.<br>c/o Jess P. Yanez, Esq.<br>JPY Law Group<br>1300 Clay Street, Suite 600<br>Oakland, CA 94612 | 12/3/2009 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.75 | Wanda Bauder<br>4502 Canyon Lake Circle<br>Corpus Christi, TX 78413 | 8/10/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.76 | William C. DeGarmo, Esq.<br>1585 White Rock Circle<br>San Jose, CA  95125 | 6/1/2005 | x | x | x | Possible claim for Grail Semiconductor stock | | unknown |
| 3.77 | Willie C. Lowe<br>11828 56th Place South<br>Seattle, WA 98178 | 6/2/2003 | x | x | x | Possible claim based on Grail Technology stock | | unknown |
| 3.78 | Willis E. Higgins, Esq.<br>24 Brackett Street, #1<br>Portland, Maine 04102 | 2011 | | | x | Professional services | Yes | $1,650,000 |
| 3.79 | Winthrop Couchot Professional Corporation<br>Attn. Robert E. Opera, Esq.<br>660 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | 2012 | | | | Professional services | | -0- |
| 3.80 | Wood LLP<br>Attn:  Robert Wood, Esq.<br>333 Sacramento Street<br>San Francisco, CA  94111 | 2012 | | | x | Professional services | | $11,423.68 |
| | **Total Nonpriority Unsecured Claims** | | | | | | | **$12,833,813.16** |

| In re:  Grail Semiconductor | | Case No.: |
|---|---|---|
| | Debtor. | 15-29890 |

**Schedule E/F:  Creditors Who Have Unsecured Claims**

**Part 3: List Others to be Notified About Unsecured Claims**

| | Name and Mailing Address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | A. Terry Speizer<br>c/o Farbstein & Blackman<br>411 Borel Avenue, Suite 425<br>San Mateo, CA 94402 | A, Terry Speizer<br>Part 2, Line 3.1 | |
| 4.2 | Brian Gibeson<br>c/o Farbstein & Blackman<br>411 Borel Avenue, Suite 425<br>San Mateo, CA 94402 | Brian Gibeson<br>Part 2, Line 3.9 | |
| 4.3 | Mark Speizer<br>c/o Farbstein & Blackman<br>411 Borel Avenue, Suite 425<br>San Mateo, CA 94402 | Mark A. Speizer<br>Part 2, Line 3.56 | |
| 4.4 | Jamie P. Dreher, Esq.<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814 | Ronald W. Hofer<br>Part 2, Line 3.70 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Fill in this information to identify the case:**

Debtor name ___Grail Semiconductor_____

United States Bankruptcy Court for the: __Eastern_____ District of __CA__
                                                                    (State)

Case number (If known): ___15-29890-D-11_____ Chapter __11__

☐ Check if this is an
  amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases        12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ **No.** Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ **Yes.** Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Employment Agreement with Ronald Hofer | Ronald W. Hofer |
| | | | c/o Jamie P. Dreher, Esq. |
| | State the term remaining | Through 12/31/2016 | Downey Brand LLP |
| | List the contract number of any government contract | | 621 Capitol Mall, 18th Floor |
| | | | Sacramento, CA 95814 |

| | | |
|---|---|---|
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Employment Agreement with Brad Woods | Brad Woods |
| | | | 9000 Divide - 1127 North Summit Blvd. |
| | State the term remaining | Through 12/31/2016 | Mountain Meadows #105 |
| | List the contract number of any government contract | | Frisco, CO 80443 |

| | | |
|---|---|---|
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| | | |
|---|---|---|
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| | | |
|---|---|---|
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name ___Grail Semiconductor___

United States Bankruptcy Court for the: ___Eastern___ District of ___CA___
(State)

Case number (If known): ___15-29890-D-11___

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.5 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.6 _____ | Street _____ <br> _____ <br> City          State          ZIP Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

**Fill in this information to identify the case:**

Debtor name  Grail Semiconductor

United States Bankruptcy Court for the: Eastern _____ District of CA ____
(State)

Case number (If known):  15-29890-D-11

☐ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1:  Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ..................................................... $ _____0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* ..................................................... $ __11,596,812.25

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* ..................................................... $ __11,596,812.25

---

### Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.......... $ __5,911,029.90

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............ $ Unknown

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ............ + $ _12,833,813.16

4. **Total liabilities**...................................................................................... $ __18,744,843.06
   Lines 2 + 3a + 3b

---

Fill in this information to identify the case and this filing:

Debtor Name _____ Grail Semiconductor _____

United States Bankruptcy Court for the: ___Eastern_____ District of __CA___
                                                                                        (State)

Case number (if known): _____15-29890-D-11_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒  *Schedule H: Codebtors* (Official Form 206H)

☒  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/2/16__                    x  _Michael F. Burkart_ _____
                   MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                          Michael F. Burkart
                                          Printed name

                                          Chief Resolution Officer
                                          Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors