PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Grail Semiconductor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GRAIL SEMICONDUCTOR, a California corporation,<br><br>Debtor-in-Possession | CASE NO.  15-29890<br><br>DCN:  FWP-7<br><br>Date:        February 24, 2016<br>Time:       10:00 a.m.<br>Courtroom: 34<br>                   501 I Street, 6th Floor<br>                   Sacramento, CA |

**DEBTOR'S MOTION FOR AUTHORITY TO SELL SHARES OF COMMON STOCK AND WARRANTS HELD BY THE DEBTOR IN NEMASKA LITHIUM, INC. FREE AND CLEAR OF LIENS**

Grail Semiconductor, a California corporation, the Debtor and Debtor-in-Possession herein (the "Debtor" or "Grail"), hereby moves the Court (the "Motion") for entry of an order authorizing the Debtor to Sell Shares of Common Stock and Warrants Held by the Debtor in Nemaska Lithium, Inc. Free and Clear of Liens.  In support of this Motion, the Debtor relies upon the Declaration of Michael F. Burkart filed in support of this Motion ("Burkart Decl.").  In further support of this Motion, the Debtor respectfully represents as follows:

**RELIEF REQUESTED**

The Debtor seeks a Court order approving the following relief provisions:

1.     Authorizing the Debtor to sell the interest of the bankruptcy estate ("Estate") in 1,247,500 shares of common stock ("Shares") and/or exercise 1,000,000 warrants ("Warrants")

-1-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

held in Nemaska Lithium, Inc. (collectively, the "Stock") in its discretion, including by multiple sales over a period of time free and clear of any liens, claims, interests and encumbrances;

2. Authorizing Dundee Securities, Inc., 1 Adelaide Street East, Suite 2100, Toronto, Ontario M5C2V9 ("Dundee"), to process the sales and/or exercise of the Stock;

3. Authorizing the Debtor to pay Dundee's commission in connection with each sale of the Stock at the time of the transaction;

4. Authorizing Michael F. Burkart, the Debtor's Chief Resolution Officer, to act on behalf of the Debtor in all manner necessary to liquidate the Stock, obtain its proceeds, pay any commissions or other charges, and obtain all records related to the Stock from any and all third parties;

5. Waiving the stay of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure of the immediate enforceability of the order approving the Motion when entered; and

6. For such other relief as is just and appropriate under the circumstances of this case.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This motion is brought pursuant to 11 U.S.C. §§ 363(b) and (f) and Federal Rule of Bankruptcy Procedure 6004.

**FACTUAL BACKGROUND**

8. Facing the threat that an involuntary petition would be filed, on December 30, 2015 ("Petition Date"), the Debtor filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its Estate, no trustee having been appointed. The Debtor remains as a debtor-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code. Burkart Decl. at ¶ 4.

9. As of the date of the filing of this Motion, no official committee of unsecured creditors has been appointed in this case, and no request has been made for the appointment of a trustee or examiner.

10. Pre-petition, Grail purchased 2,000,000 shares of common stock and 1,000,000
-2-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

warrants in Nemaska Lithium, Inc. ("Nemaska") for $340,000.[1] Grail sold some of those shares pre-petition. As of the Petition Date, the Debtor owned 1,247,500 Shares and 1,000,000 Warrants and still holds that Stock. The Stock is not necessary to the Debtor's operations. *Id*. at ¶ 5.

11. Nemaska is a Canadian mining company. The Stock publicly trades on the OTCQX, the top tier of the three marketplaces for trading over-the-counter stocks provided and operated by the OTC Markets Group. Thus, there is an established market value for a sale of the Stock. *Id*. at ¶ 6.

12. According to available market data, the highest price in the last 52 weeks for a share of the Stock was $0.3383 and the lowest price was $0.1264. The value of the Stock as of February 2, 2016, based upon the closing market price of $0.31 per share, is approximately $386,725. The share price of the Stock has fluctuated dramatically since the Petition Date, trading as low as $0.26 per share on January 29, 2016. *Id*. at ¶ 7.

13. According to available market data, there are approximately 206,615,000 shares of Nemaska common stock. Nemaska common stock has an average 30-day trading volume of 33,466 shares. Due to the number of Shares owned by the Debtor, the Debtor believes selling the Stock through multiple sales over a period of time will maximize the value of the Stock. *Id*. at ¶ 8.

14. By this Motion, the Debtor requests authority to sell and/or exercise the Estate's interest in Shares and Warrants freely, and in the Debtor's discretion, by multiple sales over a period of time.

15. Pre-petition, Grail's CEO, Ronald Hofer, took a number of actions adverse to Grail's interests without the approval of Grail's Board of Directors ("Board"). In late October 2015, the Board revoked the corporate authority of Grail's only two officers. Declaration of Richard L. Gilbert in Support of Debtor's Application to Extend Time to File Schedules, Statement of Financial Affairs and List of Equity Security Holders filed on December 31, 2015 [Dkt. No. 17], ¶ 5. The Board made one exception and allowed Mr. Hofer to continue to manage Grail's investment in Nemaska on behalf, and for the benefit, of Grail until further notice.

---

[1] All dollar amounts stated are in US dollars.

-3-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

Burkart Decl. at ¶ 9.

16. In mid-December 2015, the Board retained Michael F. Burkart as Grail's Chief Resolution Officer to lead Grail's efforts to pursue claims held by Grail as well as resolve all claims against the company. *Id*. at ¶ 3. Mr. Burkart's employment was approved by this Court by order dated January 29, 2016. *See* Dkt. No. 78.

17. Post-petition, the Debtor has requested and demanded that control of the Stock be turned over from Mr. Hofer to Mr. Burkart. That has not yet happened, although the Debtor has received information regarding the Stock for purposes of completing its schedules. Burkart Decl. at ¶ 10.

18. On January 27, 2016, the Debtor filed a motion to reject the employment agreement with Mr. Hofer. *See* Dkt. No. 61. That motion is set for hearing on February 10, 2016. As alleged in the motion to reject, on October 22, 2015, Mr. Hofer sued Grail in federal district court alleging, among other things, that Grail constructively terminated Mr. Hofer. Complaint in *Hofer v. Grail Semiconductor, Inc.*, Case No. 2:15-cv-02207-MCE-EFB (E.D. Cal.), Dkt. No. 1 at ¶ 49. The legal status of the Mr. Hofer's employment agreement is in dispute at this time.

19. Out of an abundance of caution and to ensure that there is no issue with Mr. Burkart being able to effect the Court's order regarding this Motion, the Debtor requests the order clarify that Mr. Burkart is authorized to act on behalf of the Debtor in all manner necessary to liquidate the Stock, obtain its proceeds, pay any commissions or other charges, and obtain all records related to the Stock from any and all third parties. Burkart Decl. at ¶ 11. A copy of the proposed order is attached as Exhibit A to the Exhibit Document filed herewith.

20. Pre-petition, Grail used Dundee to assist it in selling the Shares. The Debtor intends to continue to utilize Dundee post-petition to sell the Stock. The Debtor intends to pay Dundee a standard broker's commission for selling the Stock. Based on the commissions charged for the pre-petition transactions, the Debtor estimates that the commission to be paid to Dundee will be approximately $0.0022 per share or less, for an estimated maximum commission of approximately $2,750. *Id*. at ¶ 12.

-4-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

21. The Stock is unencumbered. The Debtor seeks authority to sell the Stock free and clear of liens, claims, interests and encumbrances of any person served with this Motion, with no liens, claims, interests or encumbrances attaching to the proceeds received from the sales of the Stock. *Id*. at ¶ 13.

22. The Debtor believes selling the Stock in the manner described above is in the best interests of the Estate and its creditors.

## DISCUSSION

A. <u>The Sale Meets the Requirements of Section 363(b)</u>.

The Bankruptcy Code empowers a trustee, after notice and a hearing, to sell "other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). In considering a proposed sale, courts look at whether the sale is in the best interests of the estate based on the facts and history of the case. *In re American West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). This requires an examination of the "business justification" for the proposed sale. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. BAP 1996); *In re Wilde Horses Enterprises, Inc.*, 136 B.R. 380 (Bankr. C.D. Cal. 1991). The trustee has "broad power" under section 363 to sell property of an estate, and "the manner of sale is within the discretion of the Trustee." *In re The Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

The Debtor believes that a sale of the Stock as set forth in this Motion is in the best interests of the Estate for several reasons. First, the Stock is not necessary to the Debtor's operations. Second, the Stock publicly trades as an over-the-counter stock, so is subject to market fluctuations. In fact, the price per share of the Stock has dropped since the Petition Date, so it may not be in the interests of the Estate to continue to hold onto the Stock. Third, due to the number of Shares held by the Debtor, the Debtor believes having authority to sell and/or exercise the Estate's interest in Shares and Warrants freely, and in the Debtor's discretion, by multiple sales through Dundee over a period of time, will maximize the value of the Stock. Fourth, the Debtor and its creditors will benefit from having Mr. Burkart able to control the Stock and its disposition, rather than Mr. Hofer. Thus, the Debtor is requesting provisions in the

-5-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

order approving the Motion providing that Mr. Burkart is the person authorized to act on behalf of the Debtor in all manner necessary to (a) liquidate the Stock, (b) obtain its proceeds, (c) pay any commissions or other charges, and (d) obtain all records related to the Stock from any and all third parties to facilitate the sale of the Stock.

Based on the factors set forth above, the Debtor believes it is in the best interests of the Estate and its creditors if the Stock is sold in the manner described in this Motion.

### B.    Sale Free and Clear of Liens and Other Interests is Authorized by Section 363(f).

Section 363(f) of the Bankruptcy Code authorizes a debtor or trustee to sell assets free and clear of liens, claims, interests, and encumbrances if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interests;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

Because Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Stock "free and clear" of liens and interests. *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) ("[Section 363(f)] is written in the disjunctive, not the conjunctive. Therefore, if any of the five conditions of § 363(f) are met, the Debtor has the authority to conduct the sale free and clear of liens."); *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986) (same); *Michigan Employment Sec. Comm'n v Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive and the court may approve the sale "free and clear" provided at least one of the subsections of Bankruptcy Code section 363(f) is met).

The Debtor is not aware of any liens against the Stock. To the extent any person served with this Motion asserts a lien, interest, claim or encumbrance that is not properly perfected ("Unrecorded Liens"), the filing of the Chapter 11 cut off the perfection rights of any such

-6-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

unknown claimants and gave the Estate the status of a bona-fide purchaser without notice of the Unrecorded Liens. 11 U.S.C. § 544. With respect to any statutory liens that may arise under state law based on the Debtor's insolvency proceedings or otherwise, such liens are avoidable under section 545 ("Avoidable Liens"). The Debtor is not aware of anyone asserting any lien, interest, claim or encumbrance on the Stock, whether an Unrecorded Lien or Avoidable Lien. However, to the extent anyone served with this Motion asserts a lien, interest, claim or encumbrance, a sale free and clear of such lien, interest, claim or encumbrance is appropriate pursuant to section 363(f)(4).

Accordingly, the Debtor believes that the sale of the Stock free and clear of liens is appropriate under Bankruptcy Code section 363(f)(4).

C. Relief under Federal Rule of Bankruptcy Procedure 6004(h) Is Appropriate.

Federal Rule of Bankruptcy Procedure ("Rule") 6004(h) provides that an "order authorizing the use, sale or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtor requests that any order approving the sale be effective immediately by providing that the 14-day stay under Rule 6004(h) shall not apply to any order granting this Motion.

The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implanted. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." A. Resnick & H. Sommer, eds., 10 *Collier on Bankruptcy* ¶ 6004.11 (16th ed.). Further, Collier states that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*.

Due to the need for the Debtor to liquidate the Stock at the appropriate time to maximize value for the creditors, the Debtor hereby requests that the Court order that the 14-day stay period under Rule 6004(h) not apply to any order granting this Motion, or, in the alternative, if

-7-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.

an objection to the sale is filed, that the Court reduce the stay period to the minimum amount of time needed by the objecting party to file its appeal.

**NOTICE**

Notice of this Motion has been provided to (i) all creditors of the Debtor, (ii) Dundee, (iii) the Office of the United States Trustee, (vi) the Internal Revenue Service, corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California, and (v) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no further notice of this Motion is necessary.

**CONCLUSION**

WHEREFORE the Debtor respectfully requests that this Court:

1. Enter an order:

    a. authorizing the Debtor to sell the Shares and Warrants freely, and in the Debtor's discretion, by multiple sales over a period of time;

    b. authorizing Dundee to process the sale(s) and/or exercise of the Stock;

    c. authorizing the Debtor to pay Dundee's commission in connection with each sale of the Stock at the time of the transaction;

    d. authorizing the sale of the Stock free and clear of any liens, claims, interests or encumbrances;

    e. authorizing Michael F. Burkart, the Debtor's Chief Resolution Officer, to act on behalf of the Debtor in all manner necessary to liquidate the Stock, obtain its proceeds, pay any commissions or other charges, and obtain all records related to the Stock from any and

///
///
///
///
///

Case 15-29890    Filed 02/03/16    Doc 87

all third parties;

        f.    waiving the stay of Rule 6004(h) with respect to the sale and/or exercise of the Stock; and

    2.    Grant the Debtor such other and further relief as is just and proper.

Dated: February 3, 2016

                      FELDERSTEIN FITZGERALD
                      WILLOUGHBY & PASCUZZI LLP

By:*/s/ Paul J. Pascuzzi*
PAUL J. PASCUZZI
Attorneys for Grail Semiconductor
-9-

MOTION FOR AUTHORITY TO SELL
SHARES OF STOCK AND WARRANTS
HELD IN NEMASKA LITHIUM, INC.