UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                                    )
                                         )
Grail Semiconductor                      )          Case No. 15-29890-D-11
                                         )
                                         )
_____Debtor(s)._____)          AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s), or statement(s) are attached hereto:

- ☐ Petition                                    ☑ Statement of Your Financial Affairs
- ☐ Creditor Matrix                             ☐ Statement of Intention for Individuals Filing Under Ch. 7
- ☐ List of 20 Largest Unsecured Creditors      ☐ List of Equity Security Holders
- ☐ Schedules (check appropriate boxes). *See Instruction #4 below.*
    - ☐ A/B  ☐ C  ☐ D  ☐ E/F  ☐ G  ☐ H  ☐ I  ☐ J
- ☐ Summary of Schedules of Assets and Liabilities
    *REQUIRED IF AMENDING SCHEDULE(S) A/ B, D, E/F, I, OR J.*

Purpose of amendment (check one):

- ☐ To add pre-petition creditors, delete creditors, change amounts owed or classification of debt (**$30.00 fee required,** provided the bankruptcy judge may, for good cause, waive the charge in any case.) NOTE: Lists, schedules and statements that add or change creditors must be accompanied by an amended matrix listing only the creditors added or changed.
- ☐ No pre-petition creditors were added, creditors deleted, or amounts owed or classifications of debt changed.

NOTICE OF AMENDMENT TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) checked above has been given this date to the Trustee in this case, and to any and all entities affected by the amendment, together with a copy of the notice of meeting of creditors, the discharge (if one has been entered), a subsequent notice to file claims (if one has been issued), and any other document affecting the rights of the added creditors. (**NOTE:** Proof of service, indicating that service has been made, must be filed with the Court.)

Dated: February 3, 2015      Attorney's [or *Pro Se* Debtor's] Signature: *Jennifer E. Nie____*
                             Printed Name:  Jennifer E. Niemann
                             Mailing Address: 400 Capitol Mall, Suite 1750
                                              Sacramento, CA 95814

DECLARATION BY DEBTOR

I(We), the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the amendment(s) attached hereto, consisting of  33  pages, is true and correct..

Dated: 2/3/2015                                   Dated:
GRAIL SEMICONDUCTOR
By: *Michael F. Burkart*                          _____
Debtor's Signature                                Joint Debtor's Signature
Michael F. Burkart, Chief Resolution Officer

INSTRUCTIONS

1.  Use this cover sheet ONLY when filing amended petitions, lists, schedules and statements. *Do not use an amendment cover sheet when submitting amended plans or amendments to plans.*
2.  Include the word "Amended" in the title of each amended document.
3.  Amendments to property schedules (A/ B), creditor schedules (D and E/ F), or income/expenses schedules (I and J) must be accompanied by an amended Summary of Schedules of Assets and Liabilities.  Updates to the schedule totals will not be made unless the summary is filed.
4.  Amendments to add creditors or change their names/addresses must consist of the amended schedule(s) with a notation to the right of the creditor entry of "A" if the creditor is being added or "C" if it is being changed.  *Failure to include "A" or "C" notations on amended schedules may result in duplicate or multiple listings on master address lists.*
5.  Amendments which add or change creditors must be accompanied by a separately filed amended matrix containing ONLY the additions/changes so that the creditors may be downloaded into the case.  The matrix should not contain the "A" or "C" notations.
6.  When e-Filing an amended matrix, you must submit two separate files: a PDF file containing the amendment cover sheet for the matrix, and a text file containing the creditors in the standard master address list format. These two files must be uploaded together.
7.  Federal Rule of Bankruptcy Procedure 1009 requires the debtor to give notice of an amendment to the trustee and to any entity affected thereby. *Notice of the amendment will not be given by the Clerk's Office.*  To comply with this requirement, the debtor's attorney or *Pro Se* debtor must give notice to the trustee and any entity affected by the amendment by serving all previous court notices including, but not limited to, the notice of meeting of creditors, discharge of debtor, etc.  A proof of service, indicating that service has been made, must be filed with the court.
8.  Checks and money orders should be payable to "Clerk, U.S. Bankruptcy Court." *(NOTE: No personal checks will be accepted.)*

EDC 2-015 (Rev. 12/1/15)

PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Grail Semiconductor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

GRAIL SEMICONDUCTOR, a
California corporation,

Debtor-in-Possession

CASE NO.: 15-29890-D-11

Chapter 11

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND AMENDED STATEMENT OF FINANCIAL AFFAIRS**

Grail Semiconductor (the "**Debtor**") files these *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules of Assets and Liabilities and Amended Statement of Financial Affairs* (the "**Global Notes**") with regard to its Schedules of Assets and Liabilities (the "**Schedules**") and Amended Statement of Financial Affairs (the "**Amended SOFA**").  The Debtor prepared the Schedules and Amended SOFA in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Amended SOFA.  These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Amended SOFA.

The Schedules and Amended SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they

intended to fully reconcile to any financial statements prepared by the Debtor.  The Schedules and Amended SOFA reflect the Debtor's best effort to compile information regarding the assets and liabilities of the Debtor.  Additionally, the Schedules and Amended SOFA contain unaudited information that is subject to further review and potential adjustment.  The Debtor reserves all rights to amend or supplement its Schedules and Amended SOFA.

Nothing contained in the Schedules and Amended SOFA or these Global Notes shall constitute a waiver of any of the Debtor's rights or an admission with respect to its chapter 11 case, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, and other items reported in the Schedules and Amended SOFA, the Debtor may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Amended SOFA, and the Debtor and its estate reserve all rights in this regard.

## NOTES FOR SCHEDULES

**Schedule A/B: Assets – Real and Personal Property**.  Despite its commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in its Schedules and Amended SOFA, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtor and its estate reserve all of its rights with respect to any claims and causes of action that it may have, and neither these Global Notes nor the Schedules and Amended SOFA shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair or otherwise affect the assertion of such claims and causes of action.  Patents, trademarks, and other intellectual property are listed as an unknown or undetermined amount on account of the fact that the fair market value

of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedule D: Creditors Who Have Claims Secured by Property**. The Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D.  The Debtor and its estate reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  By listing a party on Schedule D based on a UCC-1 filing, the Debtor and its estate are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes.

**Schedule E/F: Creditors Who Have Unsecured Claims**. The Debtor and its estate reserve all rights to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.  Certain creditors listed on Schedule E/F may owe amounts to the Debtor; as such, the Debtor and its estate may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule E/F.  Also, the amounts listed on Schedule E/F reflect known prepetition claims as of the filing of this bankruptcy case.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule E/F, and the Debtor and its estate reserve all rights to challenge any setoff and recoupment that may be asserted against it.  The Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

**NOTES FOR STATEMENT OF FINANCIAL AFFAIRS**

**Amended SOFA 7**. The Debtor and its estate reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such suits and proceedings shall not constitute an admission by the Debtor and its estate of any liabilities or that the actions or proceedings were correctly filed against the Debtor.

**Fill in this information to identify the case:**

Debtor name __Grail Semiconductor__

United States Bankruptcy Court for the: __Eastern__ _____ District of __CA__
(State)

Case number (If known): __15-29890-D-11__

☒ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____ to Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For prior year: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For the year before that: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From 01/01/2015 to Filing date<br>MM / DD / YYYY | See Attached | $ See Attached |
| For prior year: | From 01/01/2014 to 12/31/2014<br>MM / DD / YYYY    MM / DD / YYYY | See Attached | $ See Attached |
| For the year before that: | From 01/01/2013 to 12/31/2013<br>MM / DD / YYYY    MM / DD / YYYY | None | $ -0- |

| Debtor | Grail Semiconductor | Case number (if known) | 15-29890-D-11 |
|---|---|---|---|
| | Name | | |

---

## Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1. | See Attached | | $ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other |
| 3.2. | | | $ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See Attached / Relationship to debtor | | $ | |
| 4.2. | / Relationship to debtor | | $ | |

Debtor    Grail Semiconductor
          _____
          Name

Case number (if known) 15-29890-D-11
                       _____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See Attached | | Name | ☐ Pending ☐ On appeal ☐ Concluded |
| | Case number | | Street | |
| | | | City          State          ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending ☐ On appeal ☐ Concluded |
| | Case number | | Name | |
| | | | Street | |
| | | | City          State          ZIP Code | |

Debtor    Grail Semiconductor
_____    Case number (if known)____15-29890-D-11_____
Name

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $_____ |
| _____ | _____ | |
| Custodian's name | Case title | Court name and address |
| _____ | | |
| Street | _____ | _____ |
| | Case number | Name |
| _____ | | _____ |
| City          State        ZIP Code | _____ | Street |
| | Date of order or assignment | _____ |
| | _____ | City          State        ZIP Code |

## Part 4:    Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1.** _____ | _____ | _____ | $_____ |
| Recipient's name | _____ | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| _____ | | | |
| **9.2.** _____ | _____ | _____ | $_____ |
| Recipient's name | _____ | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| _____ | | | |

## Part 5:    Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | | | $_____ |
| _____ | | | |

| Debtor | Grail Semiconductor | Case number *(if known)* | 15-29890-D-11 |
|---|---|---|---|
| | Name | | |

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | See Attached | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State    ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State    ZIP Code | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☒ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | | | | $ |
| | **Trustee** | | | |

Debtor    Grail Semiconductor
_____    Case number (if known)    15-29890-D-11
Name    _____

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | See Attached | _____ | _____ | $_____ |
| | | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** | _____ | _____ | $_____ |
| | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

## Part 7:    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1. | See Attached | | From _____ | To _____ |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| 14.2. | _____ | | From _____ | To _____ |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |

---

Debtor    Grail Semiconductor
          _____
          Name

Case number (if known)    15-29890-D-11
                          _____

---

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ Facility name | _____ | _____ |
| _____ Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| _____ City      State      ZIP Code | _____ | *Check all that apply:* ☐ Electronically ☐ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2. _____ Facility name | _____ | _____ |
| _____ Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| _____ City      State      ZIP Code | _____ | *Check all that apply:* ☐ Electronically ☐ Paper |

---

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

Name of plan

_____

Employer identification number of the plan

EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor    Grail Semiconductor
          _____          Case number (if known)  15-29890-D-11
          Name                                                                       _____

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ <br> Name <br> _____ <br> Street <br> _____ <br> _____ <br> City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |
| 18.2. | _____ <br> Name <br> _____ <br> Street <br> _____ <br> _____ <br> City    State    ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City    State    ZIP Code | _____ <br> _____ <br> _____ <br> **Address** <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Name <br> _____ <br> Street <br> _____ <br> City    State    ZIP Code | _____ <br> _____ <br> _____ <br> **Address** <br> _____ <br> _____ | _____ <br> _____ <br> _____ | ☐ No <br> ☐ Yes |

---

Debtor    Grail Semiconductor
          _____
          Name

Case number (if known) ___15-29890-D-11_____

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list property leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

---

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor   Grail Semiconductor
        Name

Case number *(if known)*   15-29890-D-11

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City   State   ZIP Code | City   State   ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Grail Semiconductor Limited<br>Name<br>c/o Brad Woods<br>Street<br>P.O. Box 4487<br>Frisco   CO   80443<br>City   State   ZIP Code | Shell entity incorporated in Hong Kong | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From 03/15/2012 To Present |
| 25.2. | 1st Class Legal NA, LLC<br>Name<br>7400 Tamiami Trail North<br>Street<br>Suite 101<br>Naples   FL   34108<br>City   State   ZIP Code | Holds funds of Grail Semiconductor | EIN: 4 6 – 5 3 3 8 3 2 4<br>**Dates business existed**<br>From 04/08/2014 To Present |
| 25.3. | Name<br>Street<br>City   State   ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |

---

| Debtor | Grail Semiconductor | Case number (*if known*) | 14-29890-D-11 |
|---|---|---|---|
| | Name | | |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | **Name and address** | **Dates of service** |
|---|---|---|
| 26a.1. | See Attached | From _____ To _____ |
| | Name | |
| | Street | |
| | City                    State                    ZIP Code | |

| | **Name and address** | **Dates of service** |
|---|---|---|
| 26a.2. | | From _____ To _____ |
| | Name | |
| | Street | |
| | City                    State                    ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | **Name and address** | **Dates of service** |
|---|---|---|
| 26b.1. | Brad Woods | From 3/1/2012 To Present |
| | Name | |
| | 9000 Divide, 1127 North Summit Blvd. | |
| | Street | |
| | Mountain Meadows #105 | |
| | Frisco                    CO                    80443 | |
| | City                    State                    ZIP Code | |

| | **Name and address** | **Dates of service** |
|---|---|---|
| 26b.2. | | From _____ To _____ |
| | Name | |
| | Street | |
| | City                    State                    ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | **Name and address** | **If any books of account and records are unavailable, explain why** |
|---|---|---|
| 26c.1. | See Attached | |
| | Name | |
| | Street | |
| | City                    State                    ZIP Code | |

---

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page 11

Debtor    Grail Semiconductor    Case number (if known)    15-29890-D-11
         Name

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | | |
| | Name | |
| | Street | |
| | City                State        ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| | Name and address |
|---|---|
| 26d.1. | |
| | Name |
| | Street |
| | City                State        ZIP Code |
| | **Name and address** |
| 26d.2. | |
| | Name |
| | Street |
| | City                State        ZIP Code |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1. | |
| | Name |
| | Street |
| | City                State        ZIP Code |

Debtor    Grail Semiconductor _____    Case number (if known)  15-29890-D-11 _____
          Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2.

_____
Name

_____
Street

_____
City                                    State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.   See Answer to Part 2, Question 4 | | | |
| Name | | | |
| Street | | | |
| City                     State        ZIP Code | | | |
| Relationship to debtor | | | |

| Debtor | Grail Semiconductor | Case number (if known) | 15-29890-D-11 |
|---|---|---|---|
| | Name | | |

**Name and address of recipient**

30.2

Name

Street

City                                    State            ZIP Code

**Relationship to debtor**

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **2  3  2016**
            MM / DD / YYYY

X *Michael F. Burkart*                          Printed name    Michael F. Burkart
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Resolution Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☐ No

☒ Yes

**ATTACHMENT TO STATEMENT OF FINANCIAL AFFAIRS**

**PART 1: INCOME**

**2. Non-business revenue**

| From/To | Description of Sources of Revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| 01/01/2015 to 12/30/2015 (filing date) | Settlement of lawsuit with Mitsubishi Electric US, Inc. Sales of Nemaska Lithium, Inc. stock Funds from Sedgwick Funding Co, LLC | $55,000,000.00 $ 183,518.45 $ 1,073,695.35* |
| 01/01/2014- 12/31/2014 | Funds from Sedgwick Funding Co, LLC | $ 3,455,649.14* |

* Sedgwick Funding Co. ("Sedgwick") is an affiliate of Gerchen Keller Capital, LLC ("GKC"). The Debtor has scheduled GKC as a disputed secured creditor. The Debtor is informed and believes it is GKCs position that GKC does not have a debtor/creditor relationship with the Debtor. Rather, GKC contends that it purchased an interest in the proceeds of litigation between Grail Semiconductor and Mitsubishi Electric US, Inc. The Debtor is still investigating the GKC transaction. If GKC is found to have lent funds to Grail, then the funds received from Sedgwick would not be non-business revenue. However, in the interest of full disclosure, the Debtor is including funds received by Sedgwick as non-business revenue in case it is later determined that GKC did not have a loan transaction with Grail.

**PART 2: LIST CERTAIN TRANSFERS MADE BEFORE FILING FOR BANKRUPTCY**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

**NOTE**: Please see response to Question 4 below for payments to insiders.

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.1 | Aronowitz Skidmore Lyon 200 Auburn Folsom Road, Suite 305 Auburn, CA 95603 | 10/7/15 11/11/15 12/02/15 12/02/15 12/29/15 12/29/15 | $4,212.00 $13,323.50 $12,403.70 $10,151.50 $13,021.30 $3,744.00 | Legal Fees Legal Fees Legal Fees Legal Fees Legal Fees Legal Fees |
| 3.2 | Niro, Haller & Niro, Ltd. Attn: Raymond P. Niro 181 W. Madison Street, Suite 4600 Chicago, IL 60602-4515 | 10/9/15 | $21,450,000.00 | Alleged secured debt |
| 3.3 | Gerchen Keller Capital, LLC Attn: Douglas G. Gruener 353 North Clark Street, Suite 2700 Chicago, IL 60654 | 10/12/15 | $12,269,881.61 | Alleged secured debt |

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.4 | 1st Class Legal (IS) Limited<br>Bob Gordon, Managing Director<br>Oak House, Sitka Drive<br>Shrewsbury Business Park<br>Shrewsbury, Shropshire<br>SY2 6LG<br>UNITED KINGDOM | 10/16/15 | $14,600,000.00 | Alleged secured debt |
| 3.5 | Law Office of Timothy A. Charshaf<br>Attn: Timothy A. Charshaf<br>5176 Hillsdale Circle, Suite 100<br>El Dorado Hills, California 95762 | 10/23/15<br>10/29/15<br>11/11/15<br>11/24/15<br>12/09/15<br>12/16/15<br>12/23/15<br>12/23/15<br>12/29/15 | $20,390.95<br>$4,702.50<br>$3,448.50<br>$6,654.75<br>$5,040.25<br>$5,860.00<br>$50,000.00<br>$5,498.25<br>$1,767.00 | Legal Fees<br>Legal Fees<br>Legal Fees<br>Legal Fees<br>Legal Fees<br>Legal Fees<br>Retainer for Legal Services<br>Legal Fees<br>Legal Fees |
| 3.6 | Colderbank Law<br>112 J Street, Suite 301<br>Sacramento, CA 95814 | 11/10/15<br>12/17/15 | $3,086.77<br>$3,356.94 | Legal Fees<br>Legal Fees |
| 3.7 | Liner LLP<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, CA 90024-3518 | 11/11/15<br>11/18/15<br>12/02/15<br>12/14/15<br>12/29/15 | $39,927.01<br>$7,492.50<br>$6,952.50<br>$10,732.50<br>$ 8,722.50 | Legal Fees<br>Legal Fees<br>Legal Fees<br>Legal Fees<br>Legal Fees |
| 3.8 | Felderstein Fitzgerald Willoughby & Pascuzzi LLP<br>400 Capitol Mall, Suite 1750<br>Sacramento, CA 95184 | 11/12/15<br>12/16/15<br>12/23/15 | $10,000.00<br>$30,000.00<br>$150,000.00 | Retainer for Legal Services<br>Retainer for Legal Services<br>Retainer for Legal Services |
| 3.9 | Boutin Jones, Inc.<br>555 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | 12/07/15<br>12/21/15 | $10,000.00<br>$20,000.00 | Legal Fees<br>Legal Fees |
| 3.10 | Diepenbrock Elkin Gleason LLP<br>500 Capitol Mall, Suite 2200<br>Sacramento, CA 95814 | 12/14/15<br>12/28/15<br>12/29/15 | $15,787.50<br>$6,562.50<br>$1,050.00 | Legal Fees<br>Legal Fees<br>Legal Fees |

**4. Payments or other transfers of property made within 1 year before filing this case that benefitted any insider**

| | Insider's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 4.1 | Donald Stern<br>c/o John C. Oehmke, Esq.<br>Diepenbrock Elkin LLP<br>500 Capitol Mall, Suite 2200<br>Sacramento, CA 95814<br><br>Relationship to Debtor:<br>Director | 1/2/15 | $7,500.00 | Consultant Fee (Jan 2015) |
| | | 1/2/15 | $136.81 | Expense Reimbursement |
| | | 1/29/15 | $7,500.00 | Consultant Fee (Feb 2015) |
| | | 2/23/15 | $5,567.30 | Expense Reimbursement |
| | | 2/27/15 | $7,500.00 | Consultant Fee (Mar 2015) |
| | | 4/1/15 | $7,500.00 | Consultant Fee (Apr 2015) |
| | | 5/1/15 | $7,500.00 | Consultant Fee (May 2015) |
| | | 5/5/15 | $25,000.00 | Board Approved for Past Expenses |
| | | 5/12/15 | $25,000.00 | Board Approved for Past Expenses |
| | | 6/1/15 | $7,500.00 | Consultant Fee (Jun 2015) |
| | | 7/1/15 | $7,500.00 | Consultant Fee (Jul 2015) |
| | | 7/17/15 | $2,250.00 | Payments made to IRS on behalf of Don Stern |
| | | 8/3/15 | $7,500.00 | Consultant Fee (Aug 2015) |
| | | 8/14/15 | $2,250.00 | Payments made to IRS on behalf of Don Stern |
| | | 9/1/15 | $7,500.00 | Consultant Fee (Sept 2015) |
| | | 10/1/15 | $7,500.00 | Consultant Fee (Oct 2015) |
| | | 10/2/15 | $2,250.00 | Payments made to IRS on behalf of Don Stern |
| | | 10/13/15 | $2,750,000.00 | Per Board Authorization |
| | | 11/16/15 | $4,000.00 | BOD Honorarium |
| | | 11/30/15 | $2,000.00 | BOD Honorarium |
| | | 12/14/15 | $2,000.00 | BOD Honorarium |
| | | 12/29/15 | $2,000.00 | BOD Honorarium |
| 4.2 | Robert Stern<br>c/o Edward A. Klein, Esq.<br>Liner LLP<br>1100 Glendon Avenue, Floor 14<br>Los Angeles, CA 90024<br><br>Relationship to Debtor:<br>Director | 11/16/15 | $4,000.00 | BOD Honorarium |
| | | 11/30/15 | $2,000.00 | BOD Honorarium |
| | | 12/14/15 | $2,000.00 | BOD Honorarium |
| | | 12/29/15 | $2,000.00 | BOD Honorarium |
| 4.3 | Judge Richard L. Gilbert (Ret.)<br>2630 "J" Street<br>Sacramento, California 95816<br><br>Relationship to Debtor:<br>Director | 9/29/15 | $8,500.00 | Director fees* |
| | | 10/30/15 | $17,031.25 | Director fees* |
| | | 10/31/15 | $12,562.50 | Director fees* |
| | | 12/02/15 | $6,937.50 | Director fees* |
| | | 12/22/15 | $9,312.50 | Director fees* |
| | | 12/29/15 | $3,000.00 | Director fees* |
| | | 12/29/15 | $1,485.09 | Expense Reimbursement*<br>*All payments made through Aronowitz firm |

|  | Insider's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 4.4 | Ronald W. Hofer<br>c/o Jamie P. Dreher, Esq.<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br><br>Relationship to Debtor:<br>CEO with authority revoked | 12/31/14 | $15,000.00 | Net Salary (Jan 2015) |
|  |  | 1/2/15 | $5,000.00 | Net Salary (Jan 2015) |
|  |  | 1/12/15 | $14,000.00 | Draw on Bonus |
|  |  | 1/15/15 | $6,000.00 | Draw on Bonus |
|  |  | 1/26/15 | $150.00 | Advance |
|  |  | 1/26/15 | $150.00 | Advance |
|  |  | 1/27/15 | $20,000.00 | Net Salary (Feb 2015) |
|  |  | 2/9/15 | $39.25 | Paid Grail Expenses in Lieu of Repaying Advances |
|  |  | 2/11/15 | $185.49 | Paid Grail Expenses in Lieu of Repaying Advances |
|  |  | 2/25/15 | $150.00 | Advance |
|  |  | 2/25/15 | $150.00 | Advance |
|  |  | 2/19/15 | $50,000.00 | Advance on Bonus |
|  |  | 3/2/15 | $20,000.00 | Net Salary (Mar 2015) |
|  |  | 3/16/15 | $16,219.32 | Expense Reimbursement |
|  |  | 4/2/15 | $20,000.00 | Net Salary (Apr 2015) |
|  |  | 4/2/15 | $1,790.00 | Advance |
|  |  | 4/17/15 | $7,500.00 | Payment to Hofer Advisory Group LLC to correct Deposit Error on 4/8/15 |
|  |  | 5/1/15 | $20,000.00 | Net Salary (May 2015) |
|  |  | 5/2/15 | $49.76 | Paid Grail Expenses in Lieu of Repaying Advances |
|  |  | 6/1/15 | $14,649.00 | Net Salary (Jun 2015) |
|  |  | 7/1/15 | $20,000.00 | Net Salary (Jul 2015) |
|  |  | 8/3/15 | $20,000.00 | Net Salary (Aug 2015) |
|  |  | 9/1/15 | $20,000.00 | Net Salary (Sept 2015) |
|  |  | 10/2/15 | $500.00 | Advance |
|  |  | 10/22/15 | $50.00 | Advance |
|  |  | 11/4/15 | $9,347.89 | Expense Reimbursement |
|  |  | 11/3/15 | $19,500.00 | Salary Advance (Oct 2015) |
|  |  | 11/5/15 | $19,500.00 | Salary Advance (Nov 2015) |
|  |  | 11/27/15 | $19,500.00 | Salary Advance (Dec 2015) |
|  |  | 12/29/15 | $19,750.00 | Salary Advance (Jan 2016) |

| | Insider's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 4.5 | Brad Woods<br>9000 Divide-1127 North Summit Blvd<br>Mountain Meadows #105<br>Frisco, CO 80443<br><br>Relationship to Debtor:<br>CFO and Secretary with authority revoked | 1/2/15 | $5,000.00 | Net Salary (Jan 2015) |
| | | 1/15/15 | $758.00 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 1/21/15 | $35.51 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 2/23/15 | $5,000.00 | Net Salary (Feb 2015) |
| | | 3/5/15 | $356.69 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 3/6/15 | $5,000.00 | Net Salary (Mar 2015) |
| | | 3/16/15 | $62.35 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 3/20/15 | $2,244.33 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 3/28/15 | $1,525.15 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 4/1/15 | $5,000.00 | Net Salary (Apr 2015) |
| | | 4/7/15 | $478.32 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 4/10/15 | $1,719.24 | Expense Reimbursement |
| | | 4/23/15 | $2.34 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 5/1/15 | $5,000.00 | Net Salary (May 2015) |
| | | 6/1/15 | $5,000.00 | Net Salary (Jun 2015) |
| | | 6/2/15 | $6.65 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 7/1/15 | $5,000.00 | Net Salary (Jul 2015) |
| | | 7/29/15 | $1.20 | Paid Grail Expenses in Lieu of Repaying Advances |
| | | 8/1/15 | $5,000.00 | Net Salary (Aug 2015) |
| | | 9/1/15 | $5,000.00 | Net Salary (Sept 2015) |
| | | 11/3/15 | $4,500.00 | Salary Advance (Oct 2015) |
| | | 11/12/15 | $4,500.00 | Salary Advance (Nov 2015) |
| | | 11/23/15 | $4,303.65 | Expense Reimbursement |
| 4.6 | Michael F. Burkart<br>5150 Fair Oaks Blvd. #101-185<br>Carmichael, CA 95608<br><br>Relationship to Debtor:<br>Chief Resolution Officer | 12/16/15 | $20,000.00 | Retainer for Services |
| | | 12/23/15 | $150,000.00 | Retainer for Services |
| | | 12/29/15 | $6,810.00 | Fees for 12/15-29/15**<br>**paid from retainer |

## PART 3: LEGAL ACTIONS OR ASSIGNMENTS

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

|  | Case Title | Nature of Case | Court or Agency's name and address | Status of Case |
|---|---|---|---|---|
| 7.1 | Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.<br><br>Case No. 1-07-CV-098590 | Breach of Non-Disclosure Agreement | Santa Clara County Superior Court Attn:  Civil Division 191 North First Street San Jose, CA  95113 | Closed |
| 7.2 | Grail Semiconductor, Inc. v. Schwarcz, Rimberg, Boyd & Rader, LLP<br><br>Case No. BC562267 | Legal Malpractice | Los Angeles County Superior Court | Dismissed 8/19/15 |
| 7.3 | Robert B. Stern, et al. v. Grail Semiconductor, et al.<br><br>Case No. 34-2012-00126036 | Corporations Code Section 709 | Sacramento County Superior Court 720 9th Street Sacramento, CA 95814 | Pending |
| 7.4 | Ronald W. Hofer v. Grail Semiconductor, Inc., et al.<br><br>Case No. 2:15-cv-02207-MCE-EFB | Employment/Breach of Contract | United States District Court Eastern District of CA 501 I Street, Room 4-200 Sacramento, CA 95814 | Pending |
| 7.5 | Grail  Semiconductor, Inc. v. Robert B. Stern<br><br>Case No. 12-CA-4452 | Breach of Fiduciary Duty | Circuit Court of the Twentieth Judicial Circuit in and for Collier County Florida | Dismissed 12/4/15 |

## PART 6: CERTAIN PAYMENTS OR TRANSFERS

### 11. Payments related to Bankruptcy

| Name and address of party receiving transfer | If not money, describe any property transferred | Dates | Total Amount or Value |
|---|---|---|---|
| Felderstein Fitzgerald Willoughby & Pascuzzi LLP 400 Capitol Mall, Suite 1750 Sacramento, CA 95184<br><br>Website address:  ffwplaw.com |  | 11/12/15<br>12/16/15<br>12/23/15 | $10,000.00<br>$30,000.00<br>$150,000.00 |

**Question 13. Transfers not already listed on this statement**

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|---|---|---|---|---|
| 13.1 | Sedgwick FundingCo, LLC c/o Gerchen Keller Capital, LLC 353 North Clark Street, Suite 2700 Chicago, IL 60654<br><br>Relationship to Debtor: Litigation Funder | UCC-1 financing statement filed in Florida for all assets | Nov. 4, 2014 | Unknown |
| 13.2 | Jay David Roth 26 Jerome Pk Dr. Dundas, Ontario L9H 6H2 CANADA<br><br>Relationship to Debtor: Recipient of Reissued Shares | 200,000 Shares of Common Stock Transferred from Robert Stern (recovered Shares); Stock Certificate No. 50 issued in the name of Jay David Roth | March 30, 2015 | Unknown |
| 13.3 | Levi and Rochel Orbach 58/11 Katznelbogen Har Nof Jerusalem 95400 ISRAEL<br><br>Relationship to Debtor: Recipient of Reissued Shares | 2,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 51 issued in the name of Levi and Rochel Orbach. | March 30, 2015 | Unknown |
| 13.4 | Akiva Yaakov Fuld Karmei Tzur 74/2 D. N. Tzafon 90400 ISRAEL<br><br>Relationship to Debtor: Recipient of Reissued Shares | 2,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 52 issued in the name of Akiva Yaakov Fuld | March 30,2015 | Unknown |
| 13.5 | Michael Chaim Fein c/o Leonard Fein 911 E.18th St. Brooklyn, NY 11230-3104<br><br>Relationship to Debtor: Recipient of Reissued Shares | 9,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 53 issued in the name of Michael Chaim Fein | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|------|------|------|------|------|
| 13.6 | Barya Schachter & Bonnie Buller<br>c/o Rabbi Zalman Schachter<br>1720 Lehigh Street<br>Boulder, CO 80305<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 9,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 54 issued in the name of Barya Schachter & Bonnie Buller | March 30, 2015 | Unknown |
| 13.7 | Charles Neiss<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 60,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 55 issued in the name of Charles Neiss | March 30, 2015 | Unknown |
| 13.8 | Howard Muehlgay<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 80,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 56 issued in the name of Howard Muehlgay | March 30, 2015 | Unknown |
| 13.9 | Joseph Kohler<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 24,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 57 issued in the name of Joseph Kohler | March 30, 2015 | Unknown |
| 13.10 | Aaron Wegner<br>333 W 86th St. #1003<br>New York, NY 10024<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 415,326 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 58 issued in the name of Aaron Wegner | March 30, 2015 | Unknown |
| 13.11 | Jay Frechter<br>3210 Avenue L<br>Brooklyn, NY 11210<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 415,326 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 59 issued in the name of Jay Frechter | March 30, 2015 | Unknown |
| 13.12 | Harold Frechter<br>567 Cedarwood Drive<br>Cedarhurst, NY 11516<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 28,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 60 issued in the name of Harold Frechter | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|------|----------------------------------------------|-----------------------------------------------------------------------------------|--------------------|-----------------------|
| 13.13 | Daniel Ruben<br>1860 Flatbush Ave.<br>Brooklyn, NY 11210<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 10,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 61 issued in the name of Daniel Ruben | March 30, 2015 | Unknown |
| 13.14 | Brett Aaron McFarland<br>290 James Rd.<br>Arcata, CA 95521<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 48,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 62 issued in the name of Brett Aaron McFarland | March 30, 2015 | Unknown |
| 13.15 | Ryan Adam King<br>703 Verdemont Cir.<br>Simi Valley CA, 93065<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 41,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 63 issued in the name of Ryan Adam King | March 30, 2015 | Unknown |
| 13.16 | Henry S. J. Adams<br>1314 Marin Ave.<br>Albany, CA 94706<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 3,500,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 64 issued in the name of Henry S. J. Adams | March 30, 2015 | Unknown |
| 13.17 | Melvin B. Katz<br>Kiryat Chabad 220/50<br>P.O. Box 6113<br>Safed 13410<br>ISRAEL<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 50,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 65 issued in the name of Melvin B Katz | March 30, 2015 | Unknown |
| 13.18 | Aaron Goldsmith<br>P.O. Box 917<br>Postville, IA 52165<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 50,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 66 issued in the name of Aaron Goldsmith | March 30, 2015 | Unknown |
| 13.19 | Jonathan Leibowitz<br>949 Willowbrook Road<br>Staten Island, NY 10314<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 11,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 67 issued in the name of Jonathan Leibowitz | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|---|---|---|---|---|
| 13.20 | David Rothschild Kiriyat Chabad 220/84 Safet 13410 ISRAEL <br><br> Relationship to Debtor: Recipient of Reissued Shares | 20,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 68 issued in the name of David Rothschild | March 30, 2015 | Unknown |
| 13.21 | Gershom Gale 24/12 Eli Tavine Pisgat Ze'ev Jerusalem 97781 ISRAEL <br><br> Relationship to Debtor: Recipient of Reissued Shares | 10,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 68 issued in the name of Gershom Gale | March 30, 2015 | Unknown |
| 13.22 | Martin Douglas Fairbairn 2/F Block 4, Rosary Villas 1-19 Lok Lam Road Shantin, N. T. HONG KONG <br><br> Relationship to Debtor: Recipient of Reissued Shares | 50,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 70 issued in the name of Martin Douglas Fairbairn | March 30, 2015 | Unknown |
| 13.23 | Robert Apatow c/o Moshe Mauda 44 Chofetz Chaim Raanana ISRAEL <br><br> Relationship to Debtor: Recipient of Reissued Shares | 90,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 71 issued in the name of Robert Apatow | March 30, 2015 | Unknown |
| 13.24 | The Living Culture Foundation 1314 Marin Ave. Albany, CA 94706 <br><br> Relationship to Debtor: Recipient of Reissued Shares | 4,000,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 72 issued in the name of The Living Culture Foundation | March 30, 2015 | Unknown |
| 13.25 | Rikah Weil-Siegel 888 Montgomery St., E9 Brooklyn, NY 11213 <br><br> Relationship to Debtor: Recipient of Reissued Shares | 35,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 73 issued in the name of Rikah Weil-Siegel | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|------|----------------------------------------------|-----------------------------------------------------------------------------------|--------------------|-----------------------|
| 13.26 | Howard Moskow<br>3315 NE 16th Street<br>Fort Lauderdale, FL 33304<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 4,500 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 74 issued in the name of Howard Moskow | March 30, 2015 | Unknown |
| 13.27 | Eli Goldin<br>760 Montgomery St., Apt. 2A<br>Brooklyn, NY 11213<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 2,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 75 issued in the name of Eli Goldin | March 30, 2015 | Unknown |
| 13.28 | Howard Tzvi Thaler<br>1398 Union Street<br>Brooklyn, NY 11213<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 2,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 76 issued in the name of Howard Tzvi Thaler | March 30, 2015 | Unknown |
| 13.29 | Moshe & Sarah Morgenstern<br>122 Lake Valley Road<br>Morristown, NJ 07960-2814<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 10,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 77 issued in the name of Moshe & Sarah Morgenstern | March 30, 2015 | Unknown |
| 13.30 | Daphna Slonim<br>822 S. Holt Ave.<br>Los Angeles, CA 90035<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 12,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 78 issued in the name of Daphna Slonim | March 30, 2015 | Unknown |
| 13.31 | Shlomit Lahad<br>822 S. Holt Ave.<br>Los Angeles, CA 90035<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 12,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 79 issued in the name of Shlomit Lahad | March 30, 2015 | Unknown |
| 13.32 | Avital Cohen<br>820 S. Holt Ave.<br>Los Angeles, CA 90035<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 12,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 80 issued in the name of Avital Cohen | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|------|------|------|------|------|
| 13.33 | Irmengard Meindl<br>1323 Hopkins St.<br>Berkley, CA 94702<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 15,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 81 issued in the name of Irmengard Meindl | March 30, 2015 | Unknown |
| 13.34 | Karin Edwards<br>6401 Fairmont Ave. #9<br>El Cerrito, CA 94530<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 10,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 82 issued in the name of Karin Edwards | March 30, 2015 | Unknown |
| 13.35 | Laura V. Salazar<br>1414 34th Avenue<br>Oakland, CA 94601<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 5,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 83 issued in the name of Laura V. Salazar | March 30, 2015 | Unknown |
| 13.36 | Dylan Gowen<br>c/o Sarafina Rom<br>1725 Ward Street #4<br>Berkeley CA 94703<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 5,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 84 issued in the name of Dylan Gowen | March 30, 2015 | Unknown |
| 13.37 | Bradley L. Haupt<br>7300 Johnston Road<br>Pleasanton, CA 94588<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 15,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 85 issued in the name of Bradley L. Haupt | March 30, 2015 | Unknown |
| 13.38 | Joyce Bleiman<br>4025 State Street #28<br>Santa Barbara, CA 93110<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 16,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 86 issued in the name of Joyce Bleiman | March 30, 2015 | Unknown |
| 13.39 | Peretz Katz<br>P.O. Box 210<br>Kafar Chabad 60840<br>ISRAEL<br><br>Relationship to Debtor:<br>Recipient of Reissued Shares | 26,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 87 issued in the name of Peretz Katz | March 30, 2015 | Unknown |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|------|------|------|------|------|
| 13.40 | Abba Brenenson P.O. Box 564 Kafar Chabad 60840 ISRAEL  Relationship to Debtor: Recipient of Reissued Shares | 26,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 88 issued in the name of Abba Brenenson | March 30,2015 | Unknown |
| 13.41 | BJ Adrezin MD 1908 S. Navajo Palm Springs, CA 92264  Relationship to Debtor: Recipient of Reissued Shares | 2,500 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 89 issued in the name of BJ Adrezin MD | March 30, 2015 | Unknown |
| 13.42 | Albert Malachi Rosenhaus 33 Picatinny Road Morristown, NJ 07960  Relationship to Debtor: Recipient of Reissued Shares | 10,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 91 issued in the name of Albert Malachi Rosenhaus | March 30, 2015 | Unknown |
| 13.43 | Betty J.E. Wells P.O. Box 6075 Santa Barbara CA, 93160-6075  Relationship to Debtor: Recipient of Reissued Shares | 50,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 91 issued in the name of Betty J.E. Wells | March 30, 2015 | Unknown |
| 13.44 | Krintzman Family Trust 9595 Wilshire Blvd., Suite 900 Beverly Hills, CA 90212  Relationship to Debtor: Recipient of Reissued Shares | 500,000 Shares of Common Stock Transferred from Robert Stern; Stock Certificate No. 92 issued in the name of Krintzman Family Trust | March 30, 2015 | Unknown |
| 13.45 | Karin Wieland 6401 Fairmont Ave. #9 El Cerrito, CA 94530  Relationship to Debtor: Shareholder | Issuance of Stock Certificate #82-2 in the amount of 10,000 shares to Karin Wieland to replace Stock Certificate #82 to reflect name change from Karin Edwards to Karin Wieland | Sept. 17, 2015 | Unknown |
| 13.46 | Grail Semiconductor through Dundee Securities, Inc., its broker-dealer  Relationship to Debtor: Debtor | Sale of 77,500 shares of Nemaska Lithium, Inc. common stock at $0.2125 per share through public securities market | Sept. 24, 2015 | $16,468.75 |

| Line | Name and Address of Party Receiving Transfer | Description of Property Transferred or Payments Received or Debts Paid in Exchange | Date Transfer Made | Total amount or Value |
|---|---|---|---|---|
| 13.47 | Grail Semiconductor through Dundee Securities, Inc., its broker-dealer<br><br>Relationship to Debtor: Debtor | Sale of 225,000 shares of Nemaska Lithium, Inc. common stock at $0.217 per share through public securities market | Oct. 26, 2015 | $48,825.00 |
| 13.48 | Grail Semiconductor through Dundee Securities, Inc., its broker-dealer<br><br>Relationship to Debtor: Debtor | Sale of 150,000 shares of Nemaska Lithium, Inc. common stock at $0.2218419 per share through public securities market | Oct. 30, 2015 | $33,276.29 |
| 13.49 | Grail Semiconductor through Dundee Securities, Inc., its broker-dealer<br><br>Relationship to Debtor: Debtor | Sale of 100,000 shares of Nemaska Lithium, Inc. common stock at $0.302566 per share through public securities market | Nov. 23, 2015 | $30,256.60 |
| 13.50 | Grail Semiconductor through Dundee Securities, Inc., its broker-dealer<br><br>Relationship to Debtor: Debtor | Sale of 200,000 shares of Nemaska Lithium, Inc. common stock at $0.273194 per share through public securities market | Dec. 7, 2015 | $54,638.80 |

## PART 7:  PREVIOUS LOCATIONS

### 14. Previous addresses

**List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.**

Between December 31, 2012 and December 30, 2015, the Debtor used certain addresses for mail purposes.

| | Address | Dates of occupancy |
|---|---|---|
| 14.1 | 9000 Divide-1127 North Summit Blvd Mountain Meadows #105 Frisco, CO 80443 | December 31, 2012-present This address was used for some bank statements and correspondence |
| 14.2 | 1428 Harvest Crossing Drive McLean, VA 22101 | December 31, 2012-present This address was used for some invoice copies and bank statements |
| 14.3 | 5150 Fair Oaks Blvd., #101-185 Carmichael, CA 95608 | This address was used for most mail starting in December 2015 |

**PART 13: DETAILS ABOUT THE DEBTOR'S BUSINESS OR CONNECTIONS TO ANY BUSINESS**

**26. Books, records, and financial statements**

**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

|  | Name and Address | Dates of Service |
|---|---|---|
| 26a.1 | Brad A. Woods<br>P.O. Box 4487<br>Frisco, CO 80443 | 2012 to date |
| 26a.2 | Elizabeth Mize<br>P.O. Box 2009<br>Silverthorne, CO 80498 | 2012 to Spring/Summer 2015 |
| 26a.3 | Kane Mongiello<br>P.O. Box 4487<br>Frisco, CA 80443 | Late Summer 2015 to date |

**26b. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

|  | Name and Address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1 | Brad A. Woods<br>9000 Divide, 1127 North Summit Blvd.<br>Mountain Meadows #105<br>Frisco, CO 80443 |  |
| 26c.2 | Ron Hofer<br>1428 Harvest Crossing Drive<br>McLean, VA 22101 |  |
| 26c.3 | Judge Richard L. Gilbert (Ret.)<br>2630 "J" Street<br>Sacramento, CA 95816 |  |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case:**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| Donald Stern<br>c/o John C. Oehmke, Esq.<br>Diepenbrock Elkin LLP<br>500 Capitol Mall, Suite 2200<br>Sacramento, CA 95814 | Director and Controlling Shareholder | 49.63% |
| Robert Stern<br>c/o Edward A. Klein, Esq.<br>Liner LLP<br>1100 Glendon Avenue, Floor 14<br>Los Angeles, CA 90024 | Director and Shareholder | 14.94% |
| Judge Richard L. Gilbert (Ret.)<br>2630 "J" Street<br>Sacramento, California 95816 | Director | |
| Ronald W. Hofer<br>c/o Jamie P. Dreher, Esq.<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814 | CEO with authority revoked | |
| Brad Woods<br>9000 Divide-1127 North Summit Blvd<br>Mountain Meadows #105<br>Frisco, CO 80443 | CFO and Secretary with revoked authority | |
| Michael F. Burkart<br>5150 Fair Oaks Blvd. #101-185<br>Carmichael, CA 95608 | Chief Resolution Officer | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| Frank P. Bauder<br>8320 Summerset Drive<br>Anchorage, AK 99518 | Director | From 3/9/12 to 5/1/15 |
| Edward J. Nixon<br>615 Denmark Drive, Apt. 204<br>Memphis, TN 38103 | Director | From 8/5/11 to 5/1/15 |
| Alain Champagne<br>1305-4950 Boulevard de l'Assomption<br>Montreal, QC, H1T 0A3<br>CANADA | Director | From 12/23/09 to 5/1/15 |